# IN THE MATTER OF THE GUARDIANSHIP OF VICTORIA KATHLEEN WARD, AN INCOMPETENT PERSON.

## NO. 3037.

ARGUED OCTOBER 22 AND 25, 1956.          DECIDED NOVEMBER 26, 1956.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

*Per Curiam.* The decision herein passes on only motions presented to this Supreme Court in connection with or with respect to appeals to this court from proceedings had and orders entered in the matter of the Guardianship of Victoria Kathleen Ward, an incompetent person, in probate number 18661, wherein the Honorable A. M. Felix, Judge of the Third Division of the Circuit Court, First Circuit, presided and exercised statutory jurisdiction as a circuit judge, "At Chambers, In Probate."

The appeals have brought up the entire record of the proceedings had before the probate judge, together with a

transcript of the testimony heard, and the exhibits received, by him. Therefore, to the extent we have deemed it necessary to do so in our consideration of the several motions we have examined the said record, transcript and exhibits.

Four in number, the motions herein passed on and our rulings with respect thereto are severally as hereinafter set forth.

FIRSTLY, there is the motion of Louis Le Baron, as guardian ad litem for Victoria Kathleen Ward, to vacate the appearance in this court of J. Harold Hughes as attorney for said Victoria Kathleen Ward and to dismiss the appeal of Victoria Kathleen Ward.

No question was raised as to the authority of attorney Hughes to appear for Victoria Kathleen Ward in the lower court. His authority was recognized and no satisfactory proof has been made that such authority was revoked. Until final adjudication by this court of the allegations of her incompetency, Victoria Kathleen Ward would be entitled to representation by counsel of her choice on the question of incompetence. When the aforesaid motion of the guardian ad litem was filed and likewise when it was first argued, this court had not determined the said question of incompetence and upon the record the appearance herein of attorney Hughes on her behalf and her appeal from the probate judge were properly before this court and the motion to vacate and dismiss same, respectively, should be treated as hereinafter set forth.

However, as during the course of argument matters were brought out which caused this court to refer to and examine the record of proceedings had before the probate judge and particularly the transcript of the testimony heard, and the exhibits received, by him, this court announced that before hearing further arguments on the motion, the question of incompetency would be determined

from the said record, transcript and exhibits and, thereafter, did so and thus in effect *in limine* "put the cart before the horse" and made a finding of the incompetency of Victoria Kathleen Ward and in that respect affirming the finding of the probate judge.

Nevertheless, this court has said that it would consider the motion to vacate the appearance of attorney Hughes and to dismiss the appeal of Victoria Kathleen Ward as of the time of the filing of such motion and with respect to the status of the parties at that time. Accordingly, the aforesaid motion to vacate and dismiss is denied, but because of the subsequent finding by this court affirming the finding by the probate judge of the incompetence of Victoria Kathleen Ward, this court further rules that the right of J. Harold Hughes to further appear as her attorney herein is terminated.

SECONDLY, there is the motion of Chinn Ho and Norman Olds, as two of the guardians of the estate of Victoria Kathleen Ward, an incompetent person, who were appointed as such by said probate judge, their motion being to vacate the appearance of attorneys for guardian ad litem and to dismiss the appeal of the guardian ad litem herein. This motion is denied.

Louis Le Baron was, by the probate judge, appointed guardian ad litem of Victoria Kathleen Ward. A guardian ad litem's duties continue until the final decision of this court on the question, raised by appeal, of the qualification of a permanent guardian; provided, that the guardian ad litem has not sooner been properly relieved by the probate judge. The probate judge attempted to discharge the guardian ad litem, but such purported action by the probate judge was ineffective, because it occurred after the probate judge had lost jurisdiction over the matter, by proceedings in appeal from him.

THIRDLY, there is a motion of J. Harold Hughes, as

attorney for Victoria Kathleen Ward, to vacate the appearance of J. Garner Anthony, et al., as attorney or attorneys for and to dismiss the appeal of Lani Booth. As with respect to the motion firstly hereinbefore referred to, this motion has been considered and passed on with regard to the situation and status of the parties as of the date of filing thereof and prior to this court's finding of the incompetency of Victoria Kathleen Ward and thus affirming to that extent a like finding by the probate judge. Accordingly, this last aforesaid motion is granted, the appearance herein of J. Garner Anthony, et al., as attorney or attorneys, for Lani Booth is vacated and the appeal of said Lani Booth is dismissed. The probate judge having, pursuant to a petition filed by Lani Booth, made a finding of the incompetency of Victoria Kathleen Ward, the said Lani Booth had no appealable interest therefrom or with respect to whomsoever the probate judge thereafter appointed guardian, or guardians, of the estate of Victoria Kathleen Ward, an incompetent person.

FOURTHLY, there is the motion of J. Harold Hughes, as attorney for Victoria Kathleen Ward, to vacate the appearance of William W. Saunders, et al., as attorneys for the guardian ad litem, Louis Le Baron, and to dismiss the appeal of the latter. Like the others, this motion has been considered and is passed on with respect to the situation and status of the parties as of the filing thereof. This last motion is denied, because of what we have said herein *supra* pertinent to the right of the guardian ad litem to appear herein.

This court will entertain herein only the appeal of the guardian ad litem. On this appeal only the attorney, or attorneys, for the guardian ad litem, and attorney, or attorneys, for the guardians appointed by the probate judge will be heard, and only on the points as follows:

(a) Whether there was reversible error in the failure

of the probate judge to notify the guardian ad litem on the hearing held by the probate judge on the qualification of permanent guardians; and

.   (b) On the question whether the present guardian ad litem has assumed an inconsistent position as a candidate for appointment as a permanent guardian and should, therefore, be replaced as a guardian ad litem.

*William H. Saunders* (*Lewis, Buck & Saunders*) for guardian ad litem.

*Harold W. Conroy* (*Henshaw, Conroy & Hamilton*) for guardians Chinn Ho and Mark Norman Olds.

*J. Harold Hughes* for Victoria Kathleen Ward.

*J. Garner Anthony* (*Robertson, Castle & Anthony*) for Lani Booth.

*Charles A. Gregory & Gilbert E. Cox* (*Smith, Wild, Beebe & Cades*) for guardian George H. Vicars, Jr.