JOHN H. WILSON, ON BEHALF OF HIMSELF AND ALL OTHER TAXPAYERS OF THE CITY AND COUNTY OF HONOLULU, AND OF THE TERRITORY OF HAWAII, AND JOHN H. WILSON, AS MAYOR OF THE CITY AND COUNTY OF HONOLULU, A MUNICIPAL CORPORATION OF THE TERRITORY OF HAWAII *v.* INGRAM M. STAINBACK, GOVERNOR OF THE TERRITORY OF HAWAII, ROBERT M. BELT, SUPERINTENDENT OF PUBLIC WORKS AND TERRITORIAL HIGHWAY ENGINEER, TERRITORY OF HAWAII, AND WALTER D. ACKERMAN, JR., ATTORNEY GENERAL OF THE TERRITORY OF HAWAII.

No. 2820.

ARGUED MARCH 30, 1951.          DECIDED APRIL 6, 1951.

LE BARON AND TOWSE, JJ., AND CIRCUIT JUDGE CORBETT IN PLACE OF KEMP, C. J., RETIRED.

68

The petitioner brought a bill for injunction in equity to prevent the Territory of Hawaii from entering upon certain private lands belonging to strangers to him and from constructing thereon a public highway. The bill was brought after the Territory by its attorney general filed an action of eminent domain to condemn those lands for the purpose of constructing that highway and that action is now pending at law. The petitioner is not a party to that action and in these proceedings has neither alleged nor proved that he has any interest in the lands sought to be condemned. His bill, however, alleges that he is a taxpayer and "comes on behalf of himself and all other taxpayers and citizens of the Territory of Hawaii." It further alleges, as the sole ground for injunction before this court, that the statutes on eminent domain, under which the Territory is proceeding to condemn such lands and which are in the process of being administered by the law court in the pending action at law, are unconstitutional because in substance they permit those lands to be taken without adequate compensation to the defendants therein and thereby deprive them of the "due process of law" guaranteed by the Fifth Amendment of the Constitution. After issue was joined and a hearing held, the presiding judge in equity by written decision held in effect (1) that the petitioner is a taxpayer, who contributes in the form of territorial fuel taxes to the territorial highway fund out of which moneys may be expended to compensate the defendants in the pending action at law and to construct the proposed public highway, and he therefore "* * * in his own right and also as representative of a class, is entitled to pursue this proceeding for injunctive relief," presumably on the theory that he purchases gasoline to operate his automobile and is one of the ultimate consumers of gasoline to whom are passed the economic burden of the terri-

torial fuel taxes, directly levied against and paid by the distributors of gasoline to the general public; (2) that petitioner has "failed to prove that the proposed expenditures of government money would be a squandering of that money"; (3) that "the petitioner has the right to press an attack upon the condemnation procedure provided under the statutes of the Territory as being unconstitutional"; (4) that, "even if he has not that right, there are no limitations upon the right of the Chancellor to apply the law as he understands it to any state of facts properly placed before him"; (5) "that, in this connection, the condemnation practice prescribed in the statutes of Hawaii is unconstitutional in not providing for the payment of any judgment for damages which might be recovered by a landowner against the Territory pursuant to section 318 of the Revised Laws, thus possibly depriving a person of his property 'without due process of law' as forbidden by the federal constitution"; (6) that the construction of the proposed public highway would involve "an illegal expenditure of money from the Territorial highway fund" because the statutes on eminent domain are unconstitutional as set forth in the preceding holding. On these holdings, the presiding judge in equity entered a decree permanently enjoining the respondents "from prosecuting, moving in, proceeding any further with, and taking any further action in the pending action at law and from proceeding any further in the construction of the proposed public highway. The respondents appeal from that decree.

There are five specifications of error, any one of which, if sustained, would require reversal of the decree. They challenge all the holdings on which the decree is predicated and hence do not pertain to holding (2) as to failure to prove a squandering of government money. For the purposes of this opinion it is sufficient to consider but one specification, which challenges holding (3) that "the peti-

tioner has the right to press an attack on the condemnation procedure provided under the statutes of the Territory as being unconstitutional."

Assuming without deciding the petitioner to be a taxpayer of the Territory, the general rule is that a taxpayer has no right to complain that another may be hurt by the invalidity of a statute and is not permitted to sue for the benefit of other taxpayers and to assail the invalidity of that statute where he is not personally injured by it. (*Yarborough* v. *North Carolina Park Commission,* 196 N. C. 284, 145 S. E. 563; *Coble* v. *Comrs.,* 184 N. C. 342, 114 S. E. 487; *Hooker* v. *Burr,* 194 U. S. 415; *Tyler* v. *Judges of Court of Registration,* 179 U. S. 405; *McCabe* v. *A., T. & S. F. Ry. Co.,* 235 U. S. 151, 162.) That rule applies with full force to the petitioner in his status of taxpayer so assumed. He admittedly has no interest whatsoever in the lands sought to be condemned. Nor has he alleged or proved any interests or property of his own capable of being injuriously affected or requiring protection of the constitutional guarantee. On the contrary, the only grievance arising under the alleged unconstitutionality of the statutes is that of the defendants in the pending action of eminent domain for which they have an adequate legal remedy in those proceedings themselves. (See *Marks* v. *Ackerman,* 39 Haw. 53.) Those defendants, not the petitioner, are within the class protected by the constitutional guarantee and they rather than he may invoke it. But if they do not choose to do so, he would not be injured. The petitioner thus is a total stranger to any damage which might ensue from the alleged invalidity of statutes involving property rights peculiar to such defendants and has no standing in any court. He therefore has no right to complain and his charge of invalidity presents no judicable issues in equity. The holding to the contrary is erroneous and so is the decree.

The petitioner contends that in this jurisdiction he is not required to show that any interests or property of his own would be injuriously affected by the statutes which he claims to be unconstitutional. To support that contention he cites a line of Hawaiian cases, *i. e., Castle* v. *Kapena,* 5 Haw. 27; *Lucas* v. *Amer. Haw. E. & C. Co.,* 16 Haw. 80; *Castle* v. *Secretary of the Territory,* 16 Haw. 769; *McCandless* v. *Carter,* 18 Haw. 221, but principally relies upon language in the latter case cited. That language (p. 224) reads: "Perhaps a citizen and taxpayer's right to obtain injunctions to restrain official acts affecting public property ought not to be based on the pecuniary loss, howsoever trivial or conjectural, but on the broad ground that any citizen may obtain a judicial inquiry into the validity of such acts and an injunction against them if found to be authorized." Although the cited cases themselves have no application to the petitioner's case as will be hereinafter set forth, it is proper at this juncture to consider the quoted language in *McCandless* v. *Carter, supra,* with respect to its authoritative holding. That language is pure dictum and constitutes no part of the authoritative holding of that case, the question of the right involved in such language not being decided by this court as indicated in *McCandless* v. *Pratt,* 211 U. S. 437. But this court has made an authoritative holding as the final word upon the subject in an implied disapproval of such quoted language. It did so in *Wilder* v. *Pinkham,* 23 Haw. 571, by the following language (p. 573) : "The theory upon which a suit by a taxpayer to restrain the illegal expenditure of public money may be maintained is that of protection to the property rights of the complainant. *Castle* v. *Secretary,* 16 Haw. 769, 776; *Crampton* v. *Zabriskie,* 101 U. S. 601; 5 Pom. Eq. Jur. Secs. 344, 345. The complainant must show some damage (*McCandless* v. *Pratt,* 211 U. S. 437), but it is enough that the circumstances are such that dam-

age to all taxpayers may be presumed. *Lucas* v. *Haw. E. & C. Co.,* 16 Haw. 80, 86. Upon this view of the matter, it would probably have to be held that upon the death of a complainant before the decree those persons who succeeded to his property interests would have the right to revive the suit. *Gurley* v. *New Orleans,* 124 La. 390." Thus in this jurisdiction damage to the extent that some interests or property of the taxpayer would be injuriously affected by illegal acts of public officials, about to be committed in expending public money or creating a public debt and requiring prompt action to prevent irremediable public injury, is the requisite of his right to sue and prevent the violation of law by injunction to restrain those acts. This is true even though such damage may be presumed where the consequences of the law's disregard, which renders the acts themselves illegal, are so obvious that no proof of actual pecuniary damage to the taxpayer is necessary. That requisite complements the general rule that a taxpayer has no right to complain of another's hurt and to assail the validity of a statute where he is not personally injured by it.

The Hawaiian cases cited by the petitioner, as already indicated, deal with illegal acts about to be committed by public officials and requiring prompt action to prevent irremediable public injury of such obvious consequences that interests or property of the taxpayer seeking to restrain those acts will be injuriously affected. They have no application to the petitioner's case which involves no such illegal acts. On the contrary, it affirmatively appears that only legal acts are involved therein as may be authorized by statute and sanctioned by a court of law. Neither does the petitioner argue that any of the respondents has violated or threatens to violate any statute or any order of court. Nor does he argue that the court of law, in which the pending action of eminent domain was

filed, is not the proper and fully competent tribunal having jurisdiction to pass upon the constitutionality of the statutes so as to preclude the commission of those acts if those statutes be found invalid. In short, the petitioner attempts in substance to have a court of equity interfere with a court of law and with the prosecution of a pending action at law merely because the statutes being there administered are claimed by him to be unconstitutional without attempting to show further circumstances bringing his case within some clear ground of equity jurisdiction. But his status of taxpayer, if any, gives him no right, cognizable under any equitable principles, to such an interference. A question of constitutionality in itself constitutes no cause of action and invokes no recognized equity jurisdiction. (*Cruickshank* v. *Bidwell,* 176 U. S. 73; *Boise Artesian Water Co.* v. *Boise City,* 213 U. S. 276; *Terrace* v. *Thompson,* 263 U. S. 197; *Asplund* v. *Hannett* [N. M.], 249 Pac. 1074.) The petitioner's failure to allege or prove any actual or threatened illegal acts of the respondents, about to be committed and requiring prompt action to prevent irremediable public injury, distinguishes his case from the Hawaiian cases cited. His failure to allege or prove any interests or property of his own, capable of being injuriously affected by the respondents doing that which they have been enjoined below from doing, decisively demonstrates within the general rule his failure to state and establish a cause of equitable cognizance warranting a court of equity to exercise its extraordinary powers of injunctive relief. By reason of these jurisdictional failures, the presiding judge in equity had no jurisdiction other than to dismiss the petition.

The decree granting permanent injunction is reversed. On presentation, this court will enter a new decree dismissing the petition.

*R. K. Sharpless,* Deputy Attorney General (*W. D.*

74

*Ackerman, Jr.,* Attorney General, *M. Sapienza* and *R. K. Sharpless,* Deputy Attorneys General, on the briefs), for appellant.

*A. K. Trask* (*J. E. Ahrens* with him on the brief) for appellee.