**McCONNELL v. CITY OF DETROIT, MICH., et al.**

Civil Action No. 8180.

United States District Court
E. D. Michigan, S. D.

June 25, 1951.

Seymour I. Caplan, Detroit, Mich., for plaintiff.

Raymond J. Kelly, Corporation Counsel, Nathaniel H. Goldstick, Asst. Corp. Counsel, Detroit, Mich., for defendants.

THORNTON, District Judge.

The bill of complaint filed herein alleges that plaintiff is a citizen of the State of Michigan, that the defendant City of Detroit is a municipal corporation existing under the laws of the State of Michigan, that the other defendants herein are all citizens of the State of Michigan, and that the amount claimed for damages is a sum in excess of $3000.00.

The plaintiff further complains that at all times mentioned in the complaint the individual defendants were acting under the color of office of police officers of the City of Detroit; and that the individual defendants and the defendant City of Detroit were at all times acting in conspiracy with each other; the cause of action being brought under Title 8 U.S.C. §§ 43 and 47 and Title 28 U.S.C. § 41(1), (12), and (14), for violation of plaintiff's constitutional rights under the Fourteenth Amendment to the Constitution of the United States, and for violation of plaintiff's rights under the laws of the United States; and that at divers times between the 17th day of June, 1948, and the 26th day of July 1948, the defendants herein conspired, each with the others, for the purpose of impeding, hindering, obstructing and defeating the due course of justice in the State of Michigan, with intent to deny plaintiff herein the equal protection of the laws and for the purpose of depriving the plaintiff of his right to be treated in accordance with due process of law, contrary to the provisions of the Fourteenth Amendment to the Constitution of the United States. That the acts herein set forth, in accordance with and in fulfillment of said conspiracy, were willful and malicious and designed to discriminate against the plaintiff and to deprive him of his rights, privileges and immunities as secured by the said Fourteenth Amendment to the Constitution of the United States.

The plaintiff further complains that on the 17th day of June, 1948, he was physically and forcibly transported to a police station in the City of Detroit and was there assaulted, battered, bruised and beaten by the defendants Michaels, Morris, Tuttle and Fagman while acting as police officers and agents of the City of Detroit, and that each acted in concert and conspiracy with the others, and all without any just provocation or inducement.

To this the City of Detroit, as a municipal corporation, moves to dismiss the bill of complaint for the following reasons:

(1) Because the plaintiff has not stated such a case in his complaint to entitle him to any relief against the City of Detroit.

(2) Because the City of Detroit is a Municipal Corporation and the defendants, George Michaels, William Morris, Jothan Tuttle and Francis Fagman were police officers acting in a governmental capacity, and that the City of Detroit is not liable for the alleged torts of its agents while acting in a governmental capacity.

In rebuttal, the plaintiff contends that from the creation by the State of Michigan of the Court of Claims, Act 135 P.A. 1939 Stat.Ann.Sec. 27.3548, and from a succession of statutory enactments, the following conclusions must necessarily be drawn "that the state has clearly evinced its intent to subject itself to liability as an ordinary person and that it no longer retains the defense of governmental immunity. It follows, therefore, under the authorities above cited that the City of Detroit likewise no longer has available to it the defense of governmental immunity."

In support of these conclusions the plaintiff reasons as follows: " 'This act (Sec. 24) shall in no manner be construed as enlarging the present liability of the State and any of its departments, commissions, boards, institutions, arms or agencies.'

"This section was construed in Manion v. State Highway Commissioner, 303 Mich. [1, 5 N.W.2d 527] which, by a majority of the Court 'to mean that the State's immunity from liability while engaged in a governmental function is preserved because the waiver of this defense would enlarge the "present liability of the State".'

"A vigorous dissent in that case, however, held that the fact that the State had created a Court of Claims and permitted itself to be sued, amounted to a clearly expressed intent to waive sovereign immunity by the State of Michigan from suits and actions.

"In 1943, Section 24 of the 1939 Act was amended by Act 237, P.A.1943 so that the defense of sovereign immunity was substantially abolished and waived and the State rendered liable for injury to person or property caused by the misfeasance or negligence of its officers or employees while acting as such.

"Subsequently, the Legislature of the State of Michigan passed Act 87 Public Acts of 1945, whereby it was provided that in suits brought against the State in a Court of Claims to recover damages resulting from negligent operation by employees of the State of a motor vehicle of which the State is the owner, the defense of governmental functions shall not be available. Section 2 of that Act expressly repealed Section 24 of the original Act of 1939 as amended by the 1943 Act.

"Examination of the Manion case, cited above, is convincing that even the majority of the court felt that in the absence of section 24, the state would have waived its immunity. Section 24 having now been repealed, we believe the reasoning of that case as set forth in the majority opinion, and a fortiori as set forth in the minority opinion, compels the conclusion that the State's governmental immunity no longer exists."

The Court of Claims Act, M.S.A. 27.3548–1—27.3548–42, Comp.Laws 1948, §§ 691.101 et seq., 691.141, was held not to constitute a waiver of immunity by virtue of Section 24 as originally enacted, Sec. 24 of Act 135, P.A. 1939, Manion v. State Highway Commissioner, 1942, 303 Mich. 1, 5 N.W.2d 527. Said Section 24 states: "This act shall in no manner be construed as enlarging the present liabilities of the state * * *." Subsequently Section 24 was amended Sec. 24, Act 237 P.A., 1943 to read that the state "waives its immunity from liability for the torts of its officers and employees."

Both parts of this Section 24 were repealed in 1945. No case has been called to the Court's attention dealing with the effect of such repeal upon the immunity status of the State. Section 24, both original and as amended, was repealed in 1945 by Act 87, P.A., 1945, Comp.Laws 1948, §

691.141, said Act 87 being entitled "An Act to abolish the defense of governmental function in certain actions brought against the state of Michigan; and to repeal section 24 of Act No. 135 of the Public Acts of 1939, as amended by Act No. 237 of the Public Acts of 1943", the said act reading as follows: "[27.3548(41) Court of claims, automobile negligence actions, defense of 'governmental function' abolished.] Section 1. In all actions brought in the court of claims against the state of Michigan to recover damages resulting from the negligent operation by an officer, agent or employe of the state of Michigan of a motor vehicle of which the state of Michigan is owner as defined by Act No. 302 of the Public Acts of 1915, as amended, the fact that the state of Michigan was in the ownership or operation of such motor vehicle, engaged in a governmental function, shall not be a defense to such action: Provided, however, That this act shall not be construed to impose upon the state of Michigan a liability other or greater than the liability imposed upon other owners of motor vehicles by the provisions of Act No. 302 of the Public Acts of 1915, as amended."

If there had been in existence a general waiver of immunity that would include the type of action encompassed by the plaintiff's bill of complaint herein, as contended by the plaintiff, such a general waiver would also have applied to "actions brought in the court of claims against the state of Michigan to recover damages resulting from the negligent operation by an officer, agent or employe of the state of Michigan of a motor vehicle of which the state of Michigan is owner * * *." And since the original Section 24 had been repealed there would have been no need for the enactment of Section 41 abolishing the defense of immunity in one certain type of action. It, therefore, appears to this Court that a logical deduction to draw from the legislative chronology of the act is that there has been a waiver of immunity only to the limited extent expressed in Section 27.3548(41) of Act 87, P.A., 1945.

To accept the reasoning of the plaintiff would require this Court to ignore the admonition in the Manion case, supra,

where on page 19 of 303 Mich., on page 528 of 5 N.W.2d it is stated "The State as sovereign, is immune from suit save as it consents to be sued, and any relinquishment of sovereign immunity must be strictly interpreted."

Plaintiff's contention that there has been a waiver of immunity by the State so as to permit this suit against the City of Detroit, cannot be sustained and an Order may be prepared granting the motion to dismiss as to the defendant City of Detroit.