# TERRITORY OF HAWAII, BY BEN E. NUTTER, ITS SUPERINTENDENT OF PUBLIC WORKS, *v.* HAWAIIAN DREDGING COMPANY, LIMITED, AN HAWAIIAN CORPORATION; ET AL.

## No. 4003.

ARGUED JULY 7, 1958.                    DECIDED JULY 10, 1958.

### RICE, C. J., STAINBACK AND MARUMOTO, JJ.

*Per Curiam.* This is an interlocutory appeal by the Territory of Hawaii from an order of the circuit judge denying its motion for leave to amend its petition in an eminent domain proceeding. The petition had been amended twice previously. Under the petition, as it stood after the second amendment, the Territory sought to condemn "all of the right, title and interest of the respondents herein pertaining to or within the area * * * described and designated as the sea fishery of Mokauea," for the Keehi Lagoon seaplane harbor project. Respondents were Hawaiian Dredging Company, Limited, and other persons claiming rights and interests in such sea fishery. After the filing of the second amended petition, the Secretary of War established a pierhead and bulkhead line, which constituted authority for use by abutting owners of any area lying between such line and private lands on the shore. That meant that a portion of the area sought to be condemned, comprising 1.634 acres and lying between the pierhead and bulkhead line and the abutting land owned by Hawaiian Dredging Company, Limited, was no longer necessary for the project and would be lawfully

available for occupancy and use by the company. Since the search of title indicated that the company was the valid claimant to the fishery, the Territory entered into a compromise settlement with the company under R. L. H. 1945, §§ 4534-4535, whereby the company quitclaimed to the Territory all of its rights to the submerged lands, as well as the fishing rights, in the area embraced within the sea fishery of Mokauea, and the Territory, in turn, quitclaimed to the company its rights in the 1.634 acres abutting the company's land and the pierhead and bulkhead line. Thereafter, the Territory moved to amend the petition by deleting the 1.634 acres from the area sought to be taken. The respondents, other than the company, resisted the motion. The circuit court denied the motion on the ground that such respondents are entitled to have their claims to 1.634 acres determined in the same proceeding in which their claims to the remaining area sought to be condemned by the Territory is determined.

The Territory's motion to amend the petition is, in effect, a motion to abandon the eminent domain proceeding as to the 1.634 acres lying between the land owned by Hawaiian Dredging Company, Limited, and the pierhead and bulkhead line.

In the *Matter of the Application of Bessie S. Akana,* 42 Haw. 415, this court held that a condemner is authorized under R. L. H. 1955, § 8-25, to abandon an eminent domain proceeding at any time before reaching final judgment, and that the abandonment may be partial. There was a dissent in that case. The case involved an abandonment of a leasehold interest in a tract of land as to which the Territory sought to condemn the reversionary interest. The position of the dissenting justice was that where an area is sought to be condemned, the leasehold interest also should be condemned at the same time with the reversion.

This case involves a partial abandonment of an eminent

domain proceeding, before reaching final judgment, not as to an interest less than fee simple in an area but as to the entire interest in an area. Because of the establishment of the pierhead and bulkhead line by the Secretary of War, the Territory no longer requires the 1.634 acres for public use. This court is unanimous in holding that where an area originally sought to be condemned becomes no longer necessary for public use, the condemner may abandon the eminent domain proceeding as to such area.

Reversed.

*Clinton R. Ashford,* Special Deputy Attorney General (*Richard K. Sharpless,* Attorney General, and *David L. Mui,* Deputy Attorney General, on the opening brief; *Herbert Y. C. Choy,* Attorney General, and *David L. Mui,* Deputy Attorney General, on the reply brief) for the Territory, petitioner-appellant.

*Arthur K. Trask* (also on the brief) for Victor S. K. Houston, et al., respondents-appellees.

*John E. Desha III* and *William K. Amona* for Komaye Oishi, et al., intervenors-appellees; filed no brief and were not present.

*Wallace S. Fujiyama* for Jue Anami, et al., defendants-appellees; filed no brief and was not present.

*Delbert E. Metzger* for David K. Kakalia, intervenor-appellee; filed no brief, was present but did not argue.

*Anderson, Wrenn & Jenks (Jack P. Russell)* for Hawaiian Dredging Company, Limited, respondent-appellee; filed no brief, was present but did not argue.