PAUL HELELA, DANIEL G. CLEMENT AND MASAO KAINUMA, AS OWNERS AND ON BEHALF OF THEMSELVES AS CITIZENS, RESIDENTS AND TAXPAYERS AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED *v.* STATE OF HAWAII, JOHN A. BURNS, ITS GOVERNOR, BERT T. KOBAYASHI, ATTORNEY GENERAL, AND FUJIO MATSUDA, DIRECTOR OF TRANSPORTATION.

No. 4466.

SEPTEMBER 6, 1966.

RICHARDSON, C.J., CASSIDY AND WIRTZ, JJ., AND CIRCUIT JUDGE DOI IN PLACE OF LEWIS, J., DISQUALIFIED, AND CIRCUIT JUDGE LEVINSON IN PLACE OF MIZUHA, J., DISQUALIFIED.

OPINION OF THE COURT BY WIRTZ, J.

This is another in the series of appeals to this court from rulings of the circuit court concerning public and private ownership and rights in the Mokauea Sea Fishery in Keehi Lagoon arising out of eminent domain proceedings[1] instituted in 1941 by the then Territory of Hawaii in aid of the Keehi Lagoon transpacific seaplane harbor. The highlights of the 24-year history of this litigation are set forth in *State* v. *Hawaiian Dredging Co.,* 48 Haw. 152, 397 P.2d 593.

Daniel G. Clement and Masao Kainuma, two of the plaintiffs in the action now on appeal before us, were intervenors in the eminent domain proceedings and their claims were determined and fully disposed of in the appeal taken by them along with other intervenors in 48 Haw. 152. Paul Helela, the third plaintiff in the present action was a party defendant in the eminent domain proceedings and was one of the former owners of Kahakaaulana Island in the fishery who deeded his property interest to the Territory in 1959 by way of settlement and as to whom the eminent domain proceedings were thereafter discontinued.

By their complaint in this action, plaintiffs asked the court below to restrain the State and its officers from putting the Mokauea Fishery area to any public use other than the transpacific seaplane harbor use for which the eminent domain proceedings had been instituted. Plaintiffs sought a preliminary injunction and during the hearing thereon argued that they are entitled to possession of property they claim to own in the fishery, and to payment of damages, arising from the State's alleged abandonment of the condemnation proceedings.[2]

---

[1] Law No. 16696, First Circuit Court.

[2] As revealed in their complaint plaintiffs Clement and Kainuma had earlier asked this court for the same relief based upon this same theory of abandonment in motions for summary judgment filed in Case Nos. 4277 and 4347 which were denied preliminarily to the decision reached in 48 Haw. 152.

The cornerstone of plaintiffs' petition for relief is their claim that they are owners of property in the Mokauea Fishery. To bolster their complaint they also allege that they are taxpayers and that the expenditure of public funds for non-seadrome improvements in Keehi Lagoon is illegal and will result in irremediable and irreparable (but unspecified) injury to plaintiffs as landowners and as taxpayers.

The record discloses that plaintiffs proved that since 1958 there has been no seaplane use of the Keehi Lagoon seadrome. They also proved to the satisfaction of the trial judge that the Navy has forsaken Keehi Lagoon as a seadrome and has discontinued its seadrome facilities there, and that the State has included that area in its plans, and has appropriated moneys for improvements, for public uses other than seadrome use. The record is barren of any proof to establish that plaintiffs are owners of property in the seadrome complex, or that they are taxpayers or that injury to them as taxpayers or to the public will result from the improvement and use of the fishery area for public uses other than for a seaplane harbor.[3] The testimony of plaintiffs Clement and Kainuma merely identified them as the same persons who were intervenors in the condemnation proceedings appealed to and disposed of by this court as Case Nos. 4277 and 4347 in *State* v. *Hawaiian Dredging Co., supra*, 48 Haw. 152, 397 P.2d 593. The testimony of plaintiff Helela similarly merely identified him as a party to the condemnation proceedings. However, plaintiff Helela expressly admitted, and his attorney stipulated, that he and the other owners of Kahakaaulana Island in the fishery had made a settlement with the Territory, had been paid and had deeded

---

[3] The testimony of the thirteen witnesses called by plaintiffs was confined to establishing that the seadrome use had been discontinued and that other public uses were being made and were being planned for the former seadrome area.

their property in Mokauea to the Territory.

At the hearing on the motion for a preliminary injunction held on May 13, 1964, two days after the filing of plaintiffs' complaint, defendants filed a motion to dismiss the complaint on the grounds, among others, of sovereign immunity to suit and of failure of plaintiffs to state any claim upon which relief might be granted. The trial judge took this motion under advisement and plaintiffs proceeded with their evidence. When plaintiffs rested their case, defendants renewed the motion, urging as an additional ground that there was no proof of the essential allegations that plaintiffs were landowners and taxpayers and would be damaged by denial of the relief requested.

The trial judge denied plaintiffs' motion for a preliminary injunction and granted defendants' motion to dismiss the complaint. It is from the order dismissing action entered on May 22, 1964, that this appeal has been taken.

The trial judge by his findings of fact, conclusions of law and order dismissing action, held (1) that the trial court had jurisdiction, (2) neither the United States Navy's abandonment of Mokauea Fishery, or the expenditure of one million dollars for non-seadrome use by the State constituted an abandonment of the original public purpose, (3) that the State had the right to change the public use from one purpose to another pending final judicial determination, and (4) the plaintiffs were not entitled to have their property interests in the area restored under R.L.H. 1955, § 8-25.

Under their specifications of error on appeal plaintiffs urge this court to hold that the trial judge erred (1) in ruling that the State has the right to change the public use of property acquired by condemnation and (2) in failing to rule that the claimed property interests in the condemned area should be restored to plaintiffs. Defendants, however, contend that: "These rulings of law by

the trial [judge] cannot even be considered, however, until this Court is satisfied that the trial [judge] had jurisdiction to entertain the suit and that there was no sound basis for the trial [judge's] granting Defendants' motion to dismiss."

Defendants are the State of Hawaii, its Governor, Attorney General and Director of the Department of Transportation. The doctrine of sovereign immunity precludes any suit against the State without its express consent, which immunity likewise covers state officials acting in their official capacities. 49 Am. Jur., *States,* §§ 91-92 (1943) ; 81 C.J.S., *States,* § 214 (1953) ; *Munoz* v. *Comm'r of Pub. Lands,* 40 Haw. 675; *Yuen* v. *Hawaiian Homes Comm'n,* 37 Haw. 8; *Coffield* v. *Territory of Hawaii,* 13 Haw. 478.

The State has waived its immunity only to the extent specified in R.L.H. 1955, § 245-1(a), which confers jurisdiction on the circuit courts to hear:

"All claims against the [State] founded upon any statute of the [State] ; or upon any regulation of an executive department; or upon any contract, expressed or implied, with the [State], and all claims which may be referred to any such court by either house of the legislature; provided, that no suit shall be maintained, nor shall any process issue against the [State], based on any contract or any act of any [State] officer which such officer is not authorized to make or do by the laws of the [State], nor upon any other cause of action than as herein set forth."

Plaintiffs did not plead, nor did they show, which of the enumerated exceptions under R.L.H. 1955, § 245-1(a) was relied upon as constituting consent to this suit against the State and its officers. So far as can be ascertained from the record and briefs, plaintiffs apparently are relying upon "claims * * * founded upon * * * statute," under

the theory that R.L.H. 1955, § 8-25[4] permits this suit when the property is put to a use other than that for which it was initially acquired. A reading of Section 8-25 reveals that it affords the property owner relief only in the condemnation proceedings, as it specifically provides that "a defendant who would have been entitled to compensation or damages had [his] property been finally taken, shall be entitled, *in such proceedings*, to recover * * *." (Emphasis added.) That section does not authorize a collateral suit against the State for damages, much less an independent suit for injunction and declaratory relief. *Cf., Marks* v. *Ackerman,* 39 Haw. 53.

Far from proving that they are entitled to relief under R.L.H. 1955, § 8-25, plaintiffs conclusively established by their pleadings and proof that the circumstances necessary to relief did not exist in the Mokauea condemnation case. Final judgments had been entered in the condemnation proceedings which were appealed to this court; the property sought to be condemned in those proceedings was acquired by the State for public use for seaplane harbor purposes, was used for those purposes and is still being used for public purposes; one of the plaintiffs who had owned property in the Mokauea Fishery had been paid for his property interests and deeded same to the State (then Territory of Hawaii); and the other two of the plaintiffs owned nothing in the area as deter-

---

4 "§ 8-25. *Defendant allowed damages upon abandonment or dismissal of proceedings.* Whenever any proceedings instituted under the provisions of this part are abandoned or discontinued before reaching a final judgment, or if, for any cause, the property concerned is not finally taken for public use, a defendant who would have been entitled to compensation or damages had such property been finally taken, shall be entitled, in such proceedings, to recover from the plaintiff all such damage as may have been sustained by him by reason of the bringing of the proceedings and the possession by the plaintiff of the property concerned if such possession has been awarded including his costs of court, a reasonable amount to cover attorney's fees paid by him in connection therewith, and other reasonable expenses; and the possession of the property concerned shall be restored to the defendant entitled thereto. * * *"

mined in *State* v. *Hawaiian Dredging Co., supra,* 48 Haw. 152, 397 P.2d 593, in affirming the trial judge.

Notwithstanding plaintiffs' argument to the contrary, R.L.H. 1955, § 8-25 speaks in respect to abandonment or discontinuance of the proceedings for acquisition of property, and not with reference to abandonment or discontinuance of the original public use of the property. It requires that the property owner be paid damages and that the property be returned to him if it is not finally taken for public use.

The cases relied on by plaintiffs do not lead to any different conclusion. *City and County* v. *Tam See,* 38 Haw. 592 and 40 Haw. 429, were concerned with the exercise by the County of its limited power of eminent domain, the filing of a series of condemnation actions affecting the same property and a variance between the resolution authorizing the condemnation and the final order of condemnation. Here, there is no question that the legislature had the power and did authorize the eminent domain proceedings instituted and carried to conclusion. R.L.H. 1935, § 50.

Each of *State* v. *Chang,* 46 Haw. 279, 378 P.2d 882 and *Territory* v. *Aona,* 43 Haw. 253, also cited by plaintiffs, was an interlocutory appeal from an order holding that the taking of property was necessary for public use. No question is here presented that the taking under the eminent domain proceedings was unnecessary or not for a public use. *Territory* v. *Damon,* 44 Haw. 557 and *Territory* v. *Hawaiian Dredging Co.,* 42 Haw. 627, make it clear that the sovereign is permitted to discontinue a condemnation action in whole or in part (and be held accountable under R.L.H. 1955, § 8-25), but neither case pronounces that when once the condemnor has obtained title by deed it is required to discontinue and forego adjudication of all claims made in the action.

The purpose of R.L.H. 1955, § 8-25, is to protect the property owner against caprice on the part of the condemnor and to afford him redress if the condemnor, after having commenced the action and thus restraining the owner from complete and free use of the property in the open market, does not proceed and finally acquire the property for public use.

Consequently none of the plaintiffs would appear to have any "claim" against the State under R.L.H. 1955, § 8-25, and thus had no means of invoking a waiver of the sovereign immunity of the State.

Additionally, plaintiffs sought injunctive relief as injured landowners and taxpayers. The prayer of their complaint and the motion for a preliminary injunction, asked the trial judge to enjoin defendants from constructing various improvements in the Keehi Lagoon area. Those public works were to facilitate the use of that area for purposes other than seaplane harbor purposes, for which, plaintiffs allege, the expenditure of public funds was illegal. It affirmatively appeared from the complaint that the improvements complained of were all constructed or to be constructed in accordance with legislation enacted within the past few years.

Aside from pleading that the threatened acts were being done pursuant to legislative direction and authorization, plaintiffs failed to plead and establish, by adequate proof, the circumstances necessary to justify their suit as taxpayers. No showing was made that a demand had been made upon the proper public officers to take appropriate corrective action or that such demand would have been useless; that the threatened uses were illegal and calculated to imperil the public interest; and that they, or all taxpayers, would sustain pecuniary loss or have their personal tax burdens increased by the threatened activity. All of these circumstances are essential to the

maintenance of a taxpayer's action. *Munoz* v. *Comm'r of Pub. Lands, supra,* 40 Haw. 675; *Wilson* v. *Stainback,* 39 Haw. 67.

While plaintiffs alleged, in support of the other pedestal of their complaint, that they are owners of property condemned for seaplane harbor purposes who are entitled to damages and to return of their property upon its being devoted to other uses, this pedestal crumbled under the proof. As mentioned above, this court affirmed the judgments of the circuit judge that the claims of plaintiffs Clement and Kainuma to ownership of property interests in the Mokauea Fishery were without substance. *State* v. *Hawaiian Dredging Co., supra,* 48 Haw. 152, 397 P.2d 593. Although plaintiff Helela was a former owner of an undivided interest in an island located in the fishery, it was admitted, and stipulated to, that he sold his interest to the Territory in 1959 (after the change of use now decried) without suffering it to be subjected to a judgment for condemnation. He had thereby voluntarily relinquished and "bargained away" any standing as a landowner in this proceeding.

It is clear from the foregoing that plaintiffs failed to establish before the trial judge that they were entitled to any relief and it becomes unnecessary to consider the questions of law raised under the specifications of error.

For the reasons given above the order of the trial judge is affirmed.

*Arthur K. Trask* for plaintiffs-appellants.

*Clinton R. Ashford,* Special Deputy Attorney General (*Bert T. Kobayashi,* Attorney General, with him on the brief) for defendants-appellees.