W. H. GREENWELL, LTD. *v.* DEPARTMENT OF LAND
AND NATURAL RESOURCES; EXECUTIVE BOARD
OF THE DEPARTMENT OF LAND AND
NATURAL RESOURCES; JIM P. FERRY; RICHARD L.
SUMMERS; DR. N. MASUNAGA; HIROSHI TANAKA;
TAI SUNG YANG; GEORGE S. YAMAKI; SUNAO KIDO;
MICHIO TAKATA; DAVID WOODSIDE; AND
LYMAN NICHOLS.

No. 4508.

January 10, 1968.

Richardson, C.J., Mizuha, Marumoto,
Abe and Levinson, JJ.

OPINION OF THE COURT BY MIZUHA, J.

The question in this case is the propriety of a decree of the trial court enjoining the Department of Land and Natural Resources from releasing axis deer on the island of Hawaii.

After a careful review of the record we are of the opinion that the trial court erred in issuing the injunction.

On January 24, 1964, the Board of Land and Natural Resources, State of Hawaii, at its regular monthly meeting, voted to instruct its fish and game director to expedite the capture of axis deer on the islands of Lanai and Molokai, and to ship the deer to the island of Hawaii for placement in a 300-acre holding pen on the western slopes of Mauna Kea, with the specific under-

standing that final release of the deer was to be subject to the approval of the Board. The action of the Board was taken pursuant to a submittal by the department staff after many years of study, recommending release of axis deer on the island of Hawaii.

The plaintiff-appellee, W. H. Greenwell, Ltd., a Hawaii corporation, owns a cattle ranch of 80,000 acres stretching from the seacoast at Kealakekua to the upper slopes of Mauna Loa.

On March 6, 1964, the plaintiff-appellee filed a "Complaint for Injunction and/or for an Order in the Nature of Mandamus and/or Prohibition and/or for Judicial Review of Administrative Action" against the "Department of Land and Natural Resources, Executive Board of the Department of Land and Natural Resources," and each individual member of said board, defendants-appellants. The complaint in essence alleged that the release of axis deer would result in great damage to the ranch and cattle business of the plaintiff-appellee, and that the action of the Board does not meet the requirements of due process of law, equal protection of the laws, and the taking of property by eminent domain under our State and Federal Constitutions. The complaint prayed for injunctive relief and for a declaration that the action of the defendants-appellants was invalid. A temporary restraining order was issued by the court on March 6, 1964. On March 19, 1964, defendants-appellants filed a motion to dismiss asserting among other things, a defense of sovereign immunity. This motion was denied. After trial, the defendants-appellants were enjoined from releasing deer on the island of Hawaii.

It is the unquestioned rule that the State cannot be sued without its consent or waiver of its immunity in matters "involving the enforcement of contracts, treasury liability for tort, and the adjudication of interest in property which has come unsullied by tort into the bosom of government." L. L. Jaffe, *Judicial Control of Administrative Action,* p. 221. *Bush* v. *Territory of Hawaii,* 13 Haw. 1; *Coffield* v. *Territory of Hawaii,* 13 Haw. 478; *Marks* v. *Ah Nee,* 48 Haw. 92, 395 P.2d 620; *Munoz* v. *Com'r Pub. Lands et al.,* 40 Haw. 675; *Helela* v. *State of Hawaii,* 49 Haw. 365, 418 P.2d 482.

We agree with the trial court that sovereign immunity may not be invoked as a defense by state officials who comprise an executive department of government when their action is attacked as being unconstitutional. See *Ex Parte Young*, 209 U.S. 123; *Osborn* v. *The Bank*, 22 U.S. 738; *Philadelphia Co.* v. *Stimson*, 223 U.S. 605; *Holcombe* v. *Georgia Milk Producers Confederation*, 188 Ga. 358, 3 S.E.2d 705. *Cf.*, *Larson* v. *Domestic and Foreign Commerce Corp.*, 337 U.S. 682.

But we are of the view that the action of the Board of Land and Natural Resources was not an unreasonable exercise of the police power of the State.

It is often said that the police power is one of the least limitable of governmental powers. *Queenside Hills Co.* v. *Saxl*, 328 U.S. 80; *Block* v. *Hirsh*, 256 U.S. 135. It is inherent in the sovereign, and all rights are possessed subject to it. *Silva* v. *Kaiwiki Mill Co.*, 24 Haw. 324. Of course, the police power of the State is not absolute, but is subject to constitutional limitations. *Nebbia* v. *New York*, 291 U.S. 502, lays down the rule that exercise of the police power must comport with due process of law. "The Fifth Amendment, in the field of federal activity, and the Fourteenth, as respects state action, do not prohibit governmental regulation for the public welfare. They merely condition the exertion of the admitted power, by securing that the end shall be accomplished by methods consistent with due process. And the guaranty of due process, as has often been held, demands only that the law shall not be unreasonable, arbitrary or capricious, and that the means selected shall have a real and substantial relation to the object sought to be attained." *Id.* 525. *Lawton* v. *Steele*, 152 U.S. 133; *The King* v. *Lau Kiu*, 7 Haw. 489.

In its staff report dated January 17, 1964, the Board stated that the purposes of introducing the deer would be to increase the recreational potential of the island, to add to the general economy of the State, to take advantage of unused habitat, to eventually replace less attractive feral species, and to add a beautiful, wild big game species to the natural scene for the general enjoyment of the public.

In *Barrett* v. *State*, 220 N. Y. 423, 116 N.E. 99, the State of

New York, pursuant to a beaver-protection statute, purchased wild beavers in order to restock the Adirondacks. Four of these beavers were placed near the plaintiff's valuable woodlands. These beavers and their descendants felled 198 poplar trees on plaintiff's land, and girdled and destroyed others. The plaintiff brought suit against the State, claiming that the State may not protect such an animal as the beaver which is known to be destructive, and asked for damages. The Court of Appeals of New York reversed the judgment of the lower court which awarded damages, and held that the protection of the beaver by the state was constitutional as a proper exercise of its police powers. The discussion by the court on the nature of governmental interests is instructive in this case:

> "Somewhat different considerations apply to the act of the state in purchasing and liberating beaver. The attempt to introduce life into a new environment does not always result happily * * *. Yet governments have made such experiments in the belief that the public good would be promoted. Sometimes they have been mistaken. Again, the attempt has succeeded. The English pheasant is a valuable addition to our stock of birds. But whether a success or failure, the attempt is well within governmental powers." *Id.* 100-101.

The action of the Board of Land and Natural Resources in devising a plan to introduce axis deer to the island of Hawaii in order to increase the recreational potential of that island, and to add a new big game species to the scene cannot be said to be "unreasonable, arbitrary or capricious."

The record amply demonstrates the careful study, begun in 1950, that the Board made with the assistance of experts before concluding that the deer should be introduced. We find that the Board acted reasonably in making its decision to release axis deer on state land on Hawaii, and that it is a reasonable means to promote the State's interests in hunting, recreation, and economic development of the island of Hawaii.

Appellee's arguments on the equal protection and eminent domain provisions of our State and Federal Constitutions are without merit.

Reversed and remanded with instruction to the trial judge to enter a new judgment dismissing the petition.

*Clinton K. L. Ching,* Deputy Attorney General, State of Hawaii *(Bert T. Kobayashi,* Attorney General, with him on the briefs) for defendants-appellants.

*Roy A. Vitousek (Chung, Vitousek, Chuck* and *Fujiyama,* of counsel) , for plaintiff-appellee.