**Electronically Filed
Supreme Court
SCWC-12-0000061
04-DEC-2013
09:48 AM**

SCWC-12-0000061

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

DANA NAONE HALL,
Respondent/Plaintiff-Appellant,

vs.

DEPARTMENT OF LAND AND NATURAL RESOURCES,
BOARD OF LAND AND NATURAL RESOURCES, WILLIAM J. AILA, JR.,
in his official capacity as chairperson of the
Board of Land and Natural Resources and as the State
Historic Preservation Officer, ALAN S. DOWNER,[1]
in his official capacity as administrator of the State
Historic Preservation Division, DEPARTMENT OF HEALTH,
LORETTA J. FUDDY in her official capacity as the Director
of the Department of Health, ALVIN T. ONAKA in his official
capacity as State Registrar of Vital Statistics and
Chief of the Department of Health's Office of Health
Status Monitoring, KAWAIAHAʻO CHURCH, WILLIAM HAOLE
in his official capacity as the Chair of the Board of Trustees
and Chair of the Board of Directors of Kawaiahaʻo Church,
Petitioners/Defendants-Appellees.

---

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-12-0000061; CIV. NO. 09-1-1828)

---

[1]    Alan S. Downer, administrator of the State Historic Preservation Division, is substituted for Puaalaokalani Aiu, the former administrator of the State Historic Preservation Division.

*** NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER ***

MEMORANDUM OPINION
(By: Recktenwald, C.J., Nakayama, and McKenna, JJ.
with Acoba, J, Concurring and Dissenting,
in which Circuit Judge Wilson,
in place of Pollack, J., recused, joins)

We accepted certiorari in this case to address the Intermediate Court of Appeals's (ICA) order awarding attorneys' fees and costs against the State defendants[2] pursuant to the private attorney general doctrine.

This case originated from Kawaiahaʻo Church's disinterment of human remains during the initial stages of construction of its new multipurpose building. Dana Naone Hall (Hall), a native Hawaiian, has family members who were buried on Kawaiahaʻo Church's property and she opposed the disinterments. She filed a complaint in the Circuit Court of the First Circuit (circuit court) against the State defendants and the Kawaiahaʻo Church defendants[3] seeking declaratory and injunctive relief.

---

[2] The State defendants in this case are the Department of Land and Natural Resources (DLNR), the Board of Land and Natural Resources (BLNR), William Aila, Jr. in his official capacity as chairperson of the Board of Land and Natural Resources and as the State Historic Preservation Officer, Alan S. Downer in his official capacity as administrator of the State Historic Preservation Division (SHPD), the Department of Health (DOH), Loretta Fuddy in her official capacity as the director of the DOH, Alvin Onaka in his official capacity as State Registrar of Vital Statistics and Chief of the Department of Health's Office of Health Status Monitoring.

[3] The Kawaiahaʻo Church defendants currently include Kawaiahaʻo Church and William Haole in his official capacity as the Chair of the Board of Trustees and Chair of the Board of Directors of Kawaiahaʻo Church. Hall's original lawsuit named Frank Pestana, in his official capacity as the Chair of the Board of Trustees and Chair of the Board of Directors of Kawaiahaʻo Church, as a defendant. On October 25, 2012, the ICA granted Kawaiahaʻo Church's motion to substitute William Haole for Frank Pestana as a party in the appeal.

Her suit alleged, in part, that the disinterments were unlawful because Kawaiaha'o Church failed to conduct an Archaeological Inventory Survey (AIS) or to receive the approval of the O'ahu Island Burial Council (OIBC) before conducting the disinterments and that the Department of Health's issuance of a disinterment permit was unlawful and unconstitutional.  Following cross motions for summary judgment, the circuit court granted summary judgment in favor of the defendants on all of Hall's eleven counts.

Hall appealed to the ICA.  On December 14, 2012, the ICA published an opinion concluding that an AIS should have been conducted before construction began on Kawaiaha'o Church's new multipurpose building.  Hall v. Dep't of Land & Natural Res., 128 Hawai'i 455, 463-69, 290 P.3d 525, 533-39 (App. 2012).  The ICA vacated the circuit court's final judgment with respect to nine of Hall's eleven counts and remanded the case to the circuit court for further proceedings.  Id. at 458, 290 P.3d at 528.

Hall subsequently filed a motion requesting attorneys' fees and costs pursuant to the private attorney general doctrine. By order of March 20, 2013, the ICA granted, in part, Hall's request for attorneys' fees and costs.  The ICA awarded Hall $31,225 in attorneys' fees and $365 in costs against the Kawaiaha'o Church defendants and the State defendants, jointly

and severally.

We affirm the ICA's opinion vacating the circuit court's final judgment with respect to nine of Hall's eleven counts and remanding the case to the circuit court for further proceedings. However, we hold that, as Hall concedes, the State's sovereign immunity barred the award of attorneys' fees and costs against the State defendants.

## I. DISCUSSION

Under the 'American Rule,' "'each party is responsible for paying his or her own litigation expenses.'" Kaleikini v. Yoshioka (Kaleikini II), 129 Hawaiʻi 454, 462, 304 P.3d 252, 260 (2013) (quoting Sierra Club v. Dep't of Transp., 120 Hawaiʻi 181, 218, 202 P.3d 1226, 1263 (2009)). The private attorney general doctrine is an exception to this general rule.

> "[This doctrine] is an equitable rule that allows courts in their discretion to award attorneys' fees to plaintiffs who have vindicated important public rights. Courts applying this doctrine consider three basic factors: (1) the strength or societal importance of the public policy vindicated by the litigation, (2) the necessity for private enforcement and the magnitude of the resultant burden on the plaintiff, (3) the number of people standing to benefit from the decision."

Maui Tomorrow v. State, Bd. of Land & Natural Res., 110 Hawaiʻi 234, 244, 131 P.3d 517, 527 (2006) (quoting In re Water Use Permit Applications, 96 Hawaiʻi 27, 29, 25 P.3d 802, 804 (2001)).

However, the doctrine of sovereign immunity bars the award of attorneys' fees and costs against the State unless there

4

was "'a clear relinquishment of the State's immunity.'" Kaleikini II, 129 Hawai'i at 467, 304 P.3d at 265 (some internal quotation marks omitted) (quoting Sierra Club v. Dep't of Transp., 120 Hawai'i at 226, 202 P.3d at 1271). Historically, "'[t]he doctrine of sovereign immunity refers to the general rule, incorporated in the Eleventh Amendment to the United States Constitution, that a state cannot be sued in federal court without its consent or an express waiver of its immunity.'" Id. (quoting State ex rel. Anzai v. Honolulu, 99 Hawai'i 508, 515, 57 P.3d 433, 440 (2002)). Hawai'i courts have interpreted the doctrine of sovereign immunity to extend to such suits in state courts. Id.; see also Pele Def. Fund v. Paty, 73 Haw. 578, 606-607, 837 P.2d 1247, 1264-65 (1992); W.H. Greenwell, Ltd. v. Dep't of Land & Natural Res., 50 Haw. 207, 208, 436 P.2d 527, 528 (1968). The State created "a limited waiver of sovereign immunity" in Hawai'i Revised Statutes (HRS) § 661-1(1), strictly construed in favor of the sovereign, "for claims against the State of Hawai'i that are founded upon a statute." Id. (alterations and internal quotations omitted) (quoting Garner v. State, Dep't of Educ., 122 Hawai'i 150, 160, 223 P.3d 215, 225 (App. 2009)).

We recently considered the implications of the State's sovereign immunity on the award of attorneys' fees pursuant to

5

the private attorney general doctrine in Kaleikini II.  In that case, we determined that Kaleikini was the prevailing party in Kaleikini v. Yoshioka (Kaleikini I), 128 Hawaiʻi 53, 283 P.3d 60 (2012),[4] and we awarded attorneys' fees and costs to Petitioner Kaleikini pursuant to the private attorney general doctrine.  129 Hawaiʻi at 462, 304 P.3d at 260.  But, we also held that the State's sovereign immunity barred Kaleikini from collecting attorneys' fees and costs from the State because the State had not waived its sovereign immunity.  Id. at 466-67, 304 P.3d at 264-65.  Kaleikini had argued that the State waived its immunity for fees under HRS § 6E-13(b) (2009), which states:

> "Any person may maintain an action in the trial court having jurisdiction where the alleged violation occurred or is likely to occur for restraining orders or injunctive relief against the State, its political subdivisions, or any person upon a showing of irreparable injury, for the protection of an historic property or a burial site and the public trust therein from unauthorized or improper demolition, alteration, or transfer of the property or burial site."

Id. at 468, 304 P.3d at 266 (emphasis omitted) (quoting HRS § 6E-13(b)).  We noted, however, that this statute provides for only

---

[4]    In Kaleikini I, native Hawaiian Kaleikini brought suit against the City and County of Honolulu and the State, challenging the approval of the Honolulu High-Capacity Transit Corridor project (the rail project).  128 Hawaiʻi at 56, 283 P.3d at 63.  The rail project, which involved the construction of a 20-mile "fixed guideway rail system," was planned to proceed in four phases.  Id.  It was undisputed that the rail project had a high likelihood of having a potential effect on archeological resources, particularly native Hawaiian burial sites, in the fourth phase.  Id. at 56, 63, 283 P.3d at 63, 70.  Kaleikini argued, in part, that pursuant to HRS chapter 6E, the project should be enjoined until an archaeological inventory survey was conducted for all four phases of the project.  Id. at 56, 283 P.3d at 63.  We held that "the SHPD failed to follow its own rules when it concurred in the rail project prior to the completion of an archaeological inventory survey for the entire project."  Id.

declaratory or injunctive relief. Id. Therefore, HRS § 6E-13(b) "is not a waiver of the State's sovereign immunity, but rather an exception to the sovereign immunity doctrine for which no waiver is necessary." Id. (emphasis in original). We concluded that there was no clear relinquishment of the State's sovereign immunity for claims brought under HRS chapter 6E and that the State's immunity therefore barred Kaleikini's request for fees from the State.[5] Id. at 469, 304 P.3d at 267.

Regarding Hall's request for attorneys' fees and costs, the ICA concluded that "the strength or societal importance of the public policy vindicated by the litigation," "the necessity for private enforcement and the magnitude of the resultant burden on [Hall]," and "the number of people standing to benefit from the decision" warranted the award of fees and costs jointly and severally against the Kawaiahaʻo Church defendants and the State defendants. The ICA rejected the State's contention that it did not waive its sovereign immunity with respect to the award of attorneys' fees. In her briefing to this court, Hall concedes that our holding in Kaleikini II is directly applicable to this case and bars the award of attorneys' fees and costs against the

---

[5]    In another recent case, Nelson v. Hawaiian Homes Comm'n, 130 Hawaiʻi 162, 307 P.3d 142 (2013), we held that because claims against the State defendants in that case for declaratory and injunctive relief were not founded upon any statute, and because the State had not waived its sovereign immunity in any other way, the plaintiffs were barred from collecting attorneys' fees under the private attorney general doctrine from the State defendants. 130 Hawaiʻi at 170, 173-74, 307 P.3d at 150, 153-54.

State defendants here.  As in <u>Kaleikini II</u>, many of Hall's claims were brought pursuant to the historic preservation provisions in HRS chapter 6E.  Because the State has not waived its sovereign immunity to claims brought pursuant to HRS chapter 6E, or to any of the other claims brought by Hall, the ICA erred in awarding attorneys' fees and costs against the State defendants.

## II. CONCLUSION

For the reasons discussed above, we affirm the ICA's opinion vacating the circuit court's final judgment with respect to nine of Hall's eleven counts and remanding the case to the circuit court for further proceedings.  We also affirm in part and vacate in part the ICA's order granting Hall's request for attorneys' fees and costs jointly and severally against the State defendants and the Kawaiahaʻo Church defendants.  We vacate the order insofar as it awards fees and costs against the State defendants and affirm the order insofar as it awards fees and costs against the Kawaiahaʻo Church defendants.

DATED:  Honolulu, Hawaiʻi, December 4, 2013.

David M. Louie,  /s/ Mark E. Recktenwald
William J. Wynhoff,
and Marie Manuele Gavigan  /s/ Paula A. Nakayama
for petitioners
Department of Land and  /s/ Sabrina S. McKenna
Natural Resources, et al.



David Kimo Frankel
and David Kauila Kopper
for respondent
Dana Naone Hall