## COLLECTION CORPORATION, LIMITED, *v.* H. ANAMI AND JUE ANAMI.

### No. 2294.

SUBMITTED JULY 1, 1936.          DECIDED AUGUST 4, 1936.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY COKE, C. J.

Petitioner-appellee recovered judgment against defendants-appellants on its creditor's bill for the sum of $1243.21. Appellants perfected an appeal to this court. Pending the appeal appellee interposed in the court below a motion for an order allowing execution to issue on the judgment unless appellants posted a bond of twice the amount of the judgment within such time as the court might fix, all in accordance with the authority granted in section 3504, R. L. 1935. The motion is supported by the affidavit of counsel for appellee in which it is alleged that the appeal was taken merely for the purpose of delay and in furtherance of a fraudulent scheme to defraud appellants' creditors. The judge of the court below granted the motion and ordered execution to issue unless the appellants should post a bond in the sum of $2486.42, being twice the amount of judgment, within seven days of the date of the order. Appellants refused to post the bond as

required but instead perfected an appeal to this court from the order of the circuit judge. Appellee now moves that this appeal be dismissed on the grounds: "1. That the order so made is discretionary and therefore not appealable. 2. That said order is not final in its nature and therefore not appealable. 3. That said order is expressly excepted from those orders which are appealable by section 3503, Revised Laws of Hawaii, 1935." Section 3503 provides: "In case of appeal to the supreme court from a decision, judgment, order or decree of a circuit judge in chambers, the supreme court shall have power to review, reverse, affirm, amend, modify or remand for new hearing, in chambers, such decision, judgment, order or decree in whole or in part, and as to any or all of the parties. Every such appeal shall be taken on the record and no new evidence shall be introduced in the appellate court; provided that the appellate court may, in case evidence is offered which is clearly newly discovered evidence and material to the just decision of the appeal, admit the same. Nothing herein contained shall be construed to permit an appeal to be taken from any order by any judge or magistrate allowing any warrant, attachment, writ or other process, or from any other order of a like nature." Section 3504 reads: "An appeal duly taken and perfected in any case from a judgment, order or decree of a circuit judge or district magistrate shall operate as an arrest of judgment and stay of execution; provided, however, that the judge or magistrate may, upon good cause shown, allow execution to issue or other appropriate action to be taken for the enforcement of such judgment, order or decree, pending such appeal, unless the appellant shall, within such time as shall be allowed by the judge or magistrate, deposit a bond in such amount and with such sureties as shall be approved by the judge or magistrate (the amount to be not less than double the amount of the judgment, order or decree, if it is a money judgment, order or decree) conditioned for the prosecu-

tion of the appeal without delay and for the payment or other performance, as the case may be, of the judgment, order or decree or part thereof that may be rendered or affirmed against him in the appellate court * * *."

By the provisions of section 3504 an appeal operates as an arrest of the judgment or decree of a circuit judge at chambers except in cases where a sufficient showing is made the judge is authorized to order the issuance of execution unless the bond above referred to be posted by appellants. The provisions of section 3503 deny the right of appeal from an order allowing execution to issue pending appeal when the order is based upon a proper showing and the doctrine of *ejusdem generis* cannot, we think, be invoked in aid of a different construction of the statute. There can be no doubt of the existence of legislative power to limit or curtail the right of appeal. "Without any doubt it rests with each State to prescribe the jurisdiction of its appellate courts, the mode and time of invoking that jurisdiction, and the rules of practice to be applied in its exercise." *John* v. *Paullin,* 231 U. S. 583.

Under the early English practice and until 1772 an appeal from a decree or order in chancery suspended all proceedings but since that time a contrary rule has prevailed there. In the United States the matter is usually regulated by statute or rules of court and generally speaking an appeal upon giving the security required by law (when security is required) suspends further proceedings and operates as a supersedeas of execution. In *Hovey* v. *McDonald,* 109 U. S. 150, 157, it is held to be the general rule, subject to some qualifications, "that an appeal suspends the power of the court below to proceed further in the cause. This includes a suspension of the power to execute the judgment or decree. But, of course, besides merely taking an appeal, those additional things must be done which the law requires to be done, in order to give to the appeal a suspensive effect, whether it be security for the payment of the claim or other condition imposed

by law." (See also *Onomea Sugar Co.* v. *Austin*, 5 Haw. 604; *Makalei* v. *Himeni*, 7 Haw. 168.)

In this jurisdiction an appeal operates as a super-sedeas of the judgment or decree of a circuit judge at chambers and a stay of execution unless appellee shows sufficient facts to entitle him to execution and the appellant refuses to give the bond prescribed by statute. It is argued by appellants that to permit execution pending appeal would inflict a hardship upon them but it may be stated with equal force that by withholding execution and in the absence of any security to meet the judgment the appellants might, while the appeal is pending, dispose of their property and render themselves judgment proof so that the appellee would be left with an empty judgment. If the appellants may prosecute the present appeal from the order allowing execution and thus stay the order, the protective features of section 3504 are entirely lost to the judgment creditors.

Of course the judge must at all times exercise sound and reasonable discretion in the light of the circumstances of each individual case as it arises and should make the order only where the facts are sufficient to warrant it. In the case at bar the facts shown by appellee amply justified the order made by the circuit judge. The order deprived appellants of no legal right and the statute confers upon them no right of appeal.

Motion to dismiss is granted and the appeal is dismissed.

*J. P. Russell* and *F. E. Thompson* for the motion.

*C. Y. Shimamura* contra.