This is a ruling on a motion to dismiss an appeal by the liquor commission of the City and County of Honolulu *Page 486 
from a decision and order entered and filed in special proceeding number 2586 in the circuit court of the first judicial circuit.
The record discloses that Lyle Sprinkle and Kenneth K. Chow, the holders of a retail beer and wine license issued by the liquor commission of the City and County of Honolulu under chapter 137, Revised Laws of Hawaii 1945, as amended, were issued a citation to appear before the liquor commission for a hearing to show cause why their liquor license should not be suspended or revoked for a violation of section 1(c)(1) of section 7226, Revised Laws of Hawaii 1945, as amended, by selling and furnishing intoxicating liquor to a minor at their place of business. At the conclusion of the hearing on May 29, 1952, the liquor commission found that the licensees were guilty as charged in the written citation and decided to suspend the license held by the licensees for a period of thirty days and so issued a finding and order dated June 5, 1952, directing the suspension of their license for thirty days. From this order the licensees filed an appeal to the circuit judge of the first judicial circuit.
The liquor commission filed in the circuit court a motion to dismiss the appeal filed by the licensees in the said circuit court from the decision of the liquor commission suspending their license. The motion to dismiss was made on two grounds: (1) that the petition for appeal failed to show in what manner, if any, the licensees had been "aggrieved" under the law by the order of suspension imposed by the liquor commission; and (2) that the petition failed to show any ground whatever which would serve as a legal justification for invoking the judicial power of the circuit court to ascertain at a hearing whether the liquor commission had acted properly under law.
Judge Rice, the circuit judge sitting in the case, denied the motion to dismiss although intimating that the burden *Page 487 
of proof would be upon the appellants (licensees), but when the case came on for a hearing before a second judge sitting in place of Judge Rice in the circuit court a trial de novo was ruled the proper proceeding by such judge and he ordered the liquor commission to proceed with its witnesses against the licensees in the hearing in the circuit court.
After hearing various witnesses, the trial judge reversed the order of the liquor commission holding that the City and County had not sustained the burden of showing the sale was made to minors.
From the decision and order of the trial judge the liquor commission attempts to appeal to this court on the ground that the circuit judge erred in requiring the liquor commission to proceed de novo against the licensees as the appeal to the circuit court is merely a special appeal and not a general one and that the only questions for judicial review by the circuit judge were questions of law as to whether or not the liquor commission acted arbitrarily, unlawfully or illegally in violation of the legal rights, if any, of the licensees.
Until the amendment of 1941 there was no appeal from the actions of the liquor commission which had exclusive jurisdiction to grant, refuse, suspend and revoke any license for the manufacture, importation and sale of liquors. The statute provided specially that "The exercise by the commission of the power, authority and discretion in it so vested shall be final in each case and shall not be reviewable by or appealable to any court or tribunal." (R.L.H. 1935, § 2577.)
In the 1941 special session of the legislature the Act was amended to permit an appeal from any "order suspending or revoking any license by any licensee aggrieved thereby to a circuit judge at chambers of the circuit court of the circuit in which the establishment operating *Page 488 
under such license is situated by filing his appeal in such court within ten days of the date of the order of suspension or revocation; provided, however, that the appeal shall not operate as a stay to the order of suspension or revocation appealed from. The appeal shall be subject to such procedure and rules as may be prescribed by the court and the decision of the judge shall be final" (S.L. 1941, § 2624A, Appeals) and by further amending section 2577, Revised Laws of Hawaii 1935 by adding to the paragraph reading "The exercise by the commission of the power, authority and discretion in it so vested shall be final in each case and shall not be reviewable by or appealable to any court or tribunal." by changing the period at the end of the sentence, substituting a comma therefor, and adding the words "except asotherwise provided in this chapter." (Emphasis added.)
This amendatory act of the special session of 1941 was passed over the veto of the governor. In his veto message the governor stated: "The effect of this bill, should it become law, would be to curtail the powers of the liquor commissions throughout the Territory and lessen their control over the liquor traffic. Everyone recognizes that the liquor business, though legitimate, must be strictly controlled in the public interest. Any lessening of this control might prove disastrous to the community welfare, particularly in a community like Honolulu where there are such large numbers of the armed forces of the country and defense workers.
"During an emergency, such as now exists, regulation of the liquor traffic is always more strict as a course in aid of National Defense. * * *
"The law on this subject, as it now stands, has worked well, has the support of the public, and in my opinion, should not be changed."
The then governor (Governor Poindexter, an excellent *Page 489 
lawyer) in his veto message would seem to indicate that he thought the appeal was something more than giving the circuit court the right to review questions of law as contended for by the liquor commission.
In the debate wherein the senate overrode the governor's veto, statements were made by several senators as follows: When Senator Trask urged the senate to override the veto he was asked by Senator Farrington to tell why the measure was introduced. Senator Trask replied that the present law, which does not give the right to appeal to a court of law, places dealers "absolutely at the mercy of the commission." He said that in many instances dealers requesting renewal of their licenses were confronted with a file of complaints amassed throughout the year, the complaints being based on gossip. He further said "A dealer goes to get a license renewed and they (the commissioners) pull out a card which says that last January or February somebody was drunk in his place, or somebody was seen staggering into the place. Now you can't defend such a charge based on something that may have happened six months ago." Senator Harold W. Rice of Maui, agreeing with Senator Trask, said: "These cards he tells about — stacked up against a man when he comes to get a renewal — that's all wrong. Such charges should be checked on instead of waiting until the time comes for renewal of license."
As a matter of fact, an amendment limiting appeals purely as to questions of law would have had little, if any, effect on the existing statute whereby the determination of the liquor commission was final and not appealable to any court. As stated in Territory v. Miguel, 18 Haw. 402, 405: "Furthermore, the act (Sec. 4), in declaring that `the exercise of the power, authority and discretion by this act vested in the board shall be final in each case and shall not be reviewable by, or appealable *Page 490 
to, any court or tribunal,' does not make the board independent of judicial supervision. Its power, while `subject only to the limitations and directions in this act contained,' is strictly subordinate to those limitations and directions. If it assumes to do anything which is unauthorized by the act or declines to do what the act requires of it, observance of the law will be required by judicial authority when properly invoked. No review may be possible as long as the board observes the limitations and directions contained in the act, and yet the wholesome jurisdiction established by law continues in full force to prevent abuses of discretionary power and for the enforcement of legal rights. In other words, the board is not above the law which creates it."
The appellants in their present appeal from the circuit judge make the same argument as to why the decision of the circuit judge is not "final" as provided in the amendatory statute. In other words, the circuit judge has no jurisdiction to try the case de novo. Therefore, his decision is not final.
The circuit judge originally presiding below held that an appeal from the liquor commission to the circuit judge required a trial de novo, basing his opinion to a large extent upon the fact that in the twelve preceding appeals to a judge of the circuit court, the judges presiding required trials de novo and accepted appeals on that general basis. The construction placed by judges of inferior courts upon a statute and apparently also by those required by law to enforce the statutes, in cases of doubtful construction, is not to be lightly disregarded. (Hackfeld v. United States, 197 U.S. 442, 444; 82 C.J.S., Statutes, Contemporaneous Construction, § 357.)
In construing a statute the court must look to the object to be accomplished, the evils and mischiefs to be remedied, and place on it a reasonable construction that *Page 491 
will best effect its purpose. Where the language is ambiguous the courts may refer to extrinsic facts such as the history of the act, legislative debates, reports of legislative committees, contemporaneous construction and the practice and usage of officers charged with the duty of executing the statute. The courts may also look to judicial construction of an inferior court acquiesced in for a long period of time, particularly where such construction has been impliedly endorsed by legislative reenactment of the statute. (82 C.J.S., Statutes, §§ 351-361, pp. 736-794.)
Whether this be proper construction or not, it is clear that the legislature has made final the decision of the circuit judge on appeals from the liquor commission. That the legislature may define and limit the right of appeal is well settled both by Hawaiian decisions and decisions from other jurisdictions. (Collection Corporation, Ltd. v. Anami, 33 Haw. 911, 913;Rooke v. Nicholson, 1 Haw. 283, 287.)
"The remedy * * * by appeal * * * is not a common-law right and exists only by virtue of statutory or constitutional provision." (4 C.J.S., Appeal and Error, § 18, p. 81.)
The legislature has, except as it may be restricted by constitutional provision, complete control over the remedy of appeal which may, in its discretion, grant or take away the remedy, and prescribe in what cases, under what circumstances, in what manner, and to or from what courts, appeals may be taken. (4 C.J.S., Appeal and Error, § 18, p. 84, citing cases.
"And where a special and exclusive authority is conferred on a court of general jurisdiction, and no appeal is provided, the decision of such court is final, and no appeal lies therefrom." (3 C.J., Appeal and Error, § 42, p. 326.) *Page 492 
The argument that the general-appeal statute applies herein cannot prevail as against the special proceedings which prescribes the manner and limits of review. (Mau v. Stoner etal., 14 Wyo. 183; Sutherland, on Statutory Construction, § 158, p. 213; Townsend v. Little, 109 U.S. 504, 512.)
The motion to dismiss the appeal is granted.