MABEL CHANG KEALOHA AND J A C Q U L Y N ARRUDA, A MINOR, BY HER SUBSTITUTED NEXT FRIEND AND GUARDIAN AD LITEM, DONALD ARRUDA *v.* RAYMOND M. TANAKA.

No. 4075.

ARGUED JUNE 30 & JULY 8, 1958.                    DECIDED JULY 17, 1958.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

*Per Curiam.* This matter is before us on plaintiffs' motion for remand of the case, now pending in this court on appeal, to the circuit court in order that the latter may enter an order granting a new trial. The sole question for our determination in this proceeding is the proper pro-

cedure to be followed where a party seeks a new trial of a case which is here on appeal.

Following are the facts pertinent to the proceeding: On January 10, 1958, the circuit court entered a judgment in favor of the defendant and against the plaintiffs, pursuant to a verdict of the jury, in a tort action for damages for wrongful death. On January 30, the plaintiffs appealed to this court from the judgment. On May 23, the plaintiffs filed a motion for new trial in the circuit court on the ground of "newly discovered evidence of misconduct of the jury and the Court." The circuit court held a hearing on the motion, at which the plaintiffs adduced evidence showing that, after the case was submitted to the jury and the jury deliberated for about one hour and thirty minutes, the jury proceeded to Halekulani Hotel for dinner, pursuant to an arrangement made by the bailiff upon consultation with the court; that the court gave no instruction to the jury concerning its conduct during dinnertime; that neither counsel was present in the courthouse when the jury left for dinner; that the jury went to the hotel in three groups on private automobiles; that the bailiff accompanied one group; that a court clerk, who had not taken a bailiff's oath, accompanied another group; that no court officer accompanied the third group; that upon reaching the hotel, the jurors watched an outdoor entertainment for about thirty minutes before going to the dining room; that while the jurors were watching the entertainment, the bailiff went to the outdoor bar to instruct a waitress to take orders for "drinks"; that the bailiff saw every juror holding a glass after the waitress took the orders; that the bill for the drinks served before the dinner was paid by the court fiscal officer together with the bill for dinner; that at the dinner table some jurors ordered alcoholic drinks at their own expense; that about two hours elapsed between the time that the jury left the

courthouse for dinner and returned thereto after the dinner; and that the jury reached its verdict within about thirty minutes after returning to the courthouse. At the conclusion of the hearing the court indicated that it would grant the motion for new trial.

In filing the motion for new trial in the circuit court and the motion for remand in this court after the circuit court indicated that it would grant the motion for new trial, the plaintiffs followed the procedure prescribed in *Smith* v. *Pollin*, 194 F. (2d) 349.

The procedure in *Smith* v. *Pollin* is based on the procedure in criminal cases under rule 33 of the Federal Rules of Criminal Procedure. (*Rakes* v. *United States,* 163 F. [2d] 771; *United States* v. *Minkoff,* 181 F. [2d] 538; *Metcalf* v. *United States,* 195 F. [2d] 213) There is no rule equivalent to rule 33 of the Federal criminal rules in the Federal Rules of Civil Procedure or in our rules.

*Smith* v. *Pollin* does not make it clear whether it is incumbent upon the appellate court to remand every case in which the trial court has indicated that it would grant a new trial.

The duty of the appellate court on a motion to remand under the Federal criminal rules does not appear to be ministerial. In *Rakes* v. *United States, supra,* the court stated: "Now that the procedure has been availed of and the District Judge has heard the motion and found that it should be granted, the orderly course is to remand the cause in order that the motion may be granted unless we are prepared to say that there was no reasonable basis for the motion and that Judge Hutcheson abused his discretion in the action taken by him."

Our examination of the Federal reports shows that, after the promulgation of the Federal Rules of Civil Procedure and before *Smith* v. *Pollin,* the question that confronts us in this proceeding was given consideration in

the following cases: *Isgrig* v. *United States,* 109 F. (2d) 131; *Boro Hall Corporation* v. *General Motors Corporation,* 130 F. (2d) 196; *Checker Cab Co., Inc.* v. *Markland,* 142 F. (2d) 95; and *Baruch* v. *Beech Aircraft Corporation,* 172 F. (2d) 445. In none of these cases was there a consideration of a motion for new trial by the trial court before remand. In every case, the appellate court stated that there should not be a remand in the absence of a showing that the trial court would be justified in granting a new trial.

In *Isgrig* v. *United States,* the appellants filed in the trial court a petition for rehearing on the ground of newly discovered evidence and at the same time moved in the appellate court for a remand of the case to allow the trial court to pass on the petition. The court stated: "A motion for new trial on the ground of newly discovered evidence may be made within the time allowed for appeal. Rule 59 (b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. If appeal has been taken in the meantime, the case is in the appellate court; and the appropriate procedure is motion in that court to remand the case to the lower court so that the motion for new trial may be passed on. The case will be remanded, however, only if showing is made to the appellate court that the lower court would be justified in granting the new trial."

*Boro Hall Corporation* v. *General Motors Corporation* involved a petition for rehearing which the appellate court held to be irregular but which it considered "as upon an application for leave to file a petition in the District Court to reopen the case and to remand the cause to that court for further proceedings." The court, in denying the petition, stated: "Such an application should be entertained only if there is newly discovered evidence which seems prima facie to cast serious doubt upon the decision ren-

dered by the majority of this court heretofore. We do not find this to be the case." This statement was made by the same court that decided *Harper Bros.* v. *Klaw*, 272 Fed. 894, cited in *Smith* v. *Pollin* as being in accordance with the court's position in that case.

In *Checker Cab Co., Inc.* v. *Markland,* the decision depended on the timeliness of the motion for new trial and the question of procedure was not directly involved. But the court made the following statement with regard to procedure: "Even when such a motion is timely, but after notice of appeal, the appellate court must inquire whether, upon the showing made, the trial court would be justified in granting a new trial. *Otherwise, it would be a futile gesture to remand the case, and would cause an improper delay in its final disposition.*" (Emphasis supplied) This statement is completely ignored in *Smith* v. *Pollin,* although it was made by the same court.

In *Baruch* v. *Beech Aircraft Corporation,* the question presented to the appellate court was identical with the question in the instant proceeding. The court ruled on the question as follows: "The appeal has been perfected, the record filed, and we should not remand it, without decision on the merits, unless we can say that the variance or irregularity in the testimony is such as to make it reasonably apparent that, with the facts before it, the trial court would be disposed to grant a new trial."

After *Smith* v. *Pollin,* the question has been considered in *Zig Zag Spring Co.* v. *Comfort Spring Corp.,* 200 F. (2d) 901, and *Ferrell* v. *Trailmobile, Inc.,* 223 F. (2d) 697. The former case followed *Baruch* v. *Beech Aircraft Corporation,* and the latter followed *Smith* v. *Pollin.*

We think that in the interest of orderly procedure there should be a remand of the case upon a showing of good cause before a motion for new trial is considered by the circuit court for two reasons.

The first reason is that when a case is appealed to this court, the circuit court loses jurisdiction over the case except as to the issuance of certain orders in aid of, and that do not interfere with, the jurisdiction of this court. (*Application of Bessie Akana,* 42 Haw. 415; *In re Victoria Ward,* 41 Haw. 499; Moore's *Federal Practice,* 2d ed., §§ 59.09 [5], 60.30 [2]) There is no specific provision in our rules which authorizes the circuit court to consider a motion for new trial, after appeal, without remand.

The other reason is that it does not appear that *Smith* v. *Pollin* has changed the rule that a case will not be remanded where good cause for remand is not shown. If a showing of good cause is a prerequisite to remand, it is the function of this court to determine whether there is good cause. The circuit court has no part in such determination. In making the determination, this court should be governed solely by the showing made on the motion for remand as to the basis of the motion for new trial in the circuit court. That being the case, we deem it preferable to have the motion for remand presented to this court without indication of any proposed action by the circuit court.

Accordingly, we hold that where a party seeks a new trial of a case pending in this court on appeal, the proper procedure is for the party to file in this court a motion for leave to move in the circuit court for new trial and for remand of the case to that court, which motion will be granted upon a showing of good cause.

What constitutes good cause is differently worded in the reported cases. *Isgrig* v. *United States* and *Checker Cab Co., Inc.* v. *Markland* require a showing under which the trial court would be "justified in granting a new trial." Under *Boro Hall Corporation* v. *General Motors Corporation,* the showing must be such as "seems prima facie to cast serious doubt upon the decision." *Baruch* v. *Beech*

*Aircraft Corporation* and *Zig Zag Spring Co.* v. *Comfort Spring Corp.*, require a showing that makes it "reasonably apparent that, with the facts before it, the trial court would be disposed to grant a new trial."

Granting of a new trial is primarily the function of the trial court. Too stringent a requirement as to a showing of good cause for remand will encroach upon that function. We agree with *Baruch* v. *Beech Aircraft Corporation* that good cause for remand exists if there is a showing that makes it reasonably apparent that, with the facts before it, the trial court would be disposed to grant a new trial.

In this proceeding, we treat plaintiffs' motion for remand as a motion for leave to move for new trial in the circuit court and for remand of the case to that court and the evidence adduced at the hearing on the motion for new trial in the circuit court as evidence in support of the motion in this court. We do so because we think that the plaintiffs should not be penalized for following the procedure indicated in *Smith* v. *Pollin* and *Ferrell* v. *Trailmobile, Inc.*, in the absence of prior ruling of this court on the question. As is stated by Professor Moore, "the main thing to be borne in mind is that a litigant, who in good faith initiates a timely procedure for relief, should not be penalized for choice of the 'wrong' procedure." (Moore's *Federal Practice*, 2d ed., § 60.30 [2])

The record in the proceeding contains evidence of separation of the jury and consumption of liquor by some of the jurors after the submission of the case to the jury and before verdict. It does not contain any evidence that the plaintiffs were actually prejudiced by such separation or consumption of liquor. Nevertheless, the circuit court stated: "Upon all the facts and circumstances of this case the Court feels that the conduct of the jury was prejudicial

to the interests of the defendant [*sic*], and that in the interest of justice a new trial should be granted."

We do not think that a new trial is justified merely because the court "feels" that the conduct of the jury was prejudicial to the interests of the plaintiffs and that in the interest of justice a new trial should be granted. However, the record raises a number of important questions of law, as well as of fact. A new trial may be clearly justified, depending on the answers to the questions. We, therefore, remand the case to the circuit court for further proceedings.

Plaintiffs are seeking relief from a judgment in a case in which the time for the filing of a motion for new trial under rule 59 (b) of Hawaii Rules of Civil Procedure has long expired. The only provision to which they may now resort is rule 60 (b) (6), which authorizes the court to grant relief for "any other reason justifying relief from the operation of the judgment." The motion for new trial on file in the circuit court may be treated as a motion for relief from judgment under the rule.

Relief from judgment under rule 60 (b) (6) is an extraordinary one. (*Klapprott* v. *United States,* 335 U. S. 601) Diligence is a prerequisite to relief under the rule. (*Ackermann* v. *United States,* 340 U. S. 193) Courts should not be niggardly in granting application for relief under the rule, but relief should not be granted without a careful weighing of conflicting considerations inherent in any such application. The Supreme Court of the United States granted relief under the rule in *Klapprott* v. *United States,* and in doing so, stated that the rule "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." On the other hand, the same court denied relief in *Ackermann* v. *United States,* stating that there "must be an end to litigation someday."

Two questions of law are posed by the evidence of separation of the jury and consumption of liquor by some of the jurors after the submission of the case and before verdict, namely, whether such separation raises a conclusive presumption of prejudice and whether such consumption of liquor also raises a similar presumption. There is no decision of this court on the question of separation of the jury. With reference to consumption of liquor by jurors, there is a decision involving consumption during a recess in trial. (*Territory* v. *Ferris,* 15 Haw. 139) But there is no decision involving consumption of liquor by jurors during deliberation. These are questions of law. However, they are not before us for determination in this proceeding. Their determination at this stage of the case rests properly with the circuit court.

If the separation of the jury and the consumption of liquor by the jurors during deliberation constitute prejudice as a matter of law, the circuit court may grant a new trial on the evidence already adduced, provided that it is satisfied that the plaintiffs exercised diligence in seeking the relief. But if the law is that actual prejudice from such conduct must be shown, then a new trial may not be granted, unless evidence is adduced establishing actual prejudice.

We, therefore, direct the circuit court to grant a new trial only if it is satisfied that:

(a) The plaintiffs have been diligent in seeking the relief; and

(b) the separation of the jury during deliberation constitutes prejudicial conduct as a matter of law; or

(c) if such separation does not constitute prejudicial conduct as a matter of law, there has been actual prejudice by such conduct; or

(d) the consumption of liquor by some of the jurors during deliberation constitutes prejudicial conduct as a matter of law; or

(e) if such consumption of liquor does not constitute prejudicial conduct as a matter of law, there has been actual prejudice by such conduct.

Otherwise, new trial shall be denied. If new trial is denied, the appeal from the judgment may be reinstated without the necessity of perfecting a new appeal.

We look with strong disapproval upon separation of the jury or consumption of liquor by the jurors during deliberation. The trial court should not permit such practice and should be assiduous in preventing it. But we do not think that a grant of new trial is warranted in this case without further proceedings as indicated in this opinion, for an application for relief under rule 60 (b) (6), being extraordinary, "must be fully substantiated by adequate proof and its exceptional character must be clearly established to the satisfaction of the [trial] court before it can be granted by the court." (*Federal Deposit Insurance Corp.* v. *Alker*, 234 F. [2d] 113)

*Kenneth E. Young* for plaintiffs-appellants, for the motion.

*Robertson, Castle & Anthony* (*J. Garner Anthony, Richard C. Knight* and *Frank D. Padgett*) for defendant-appellee, contra.