MABEL CHANG KEALOHA AND JACQULYN AR-
RUDA, A MINOR, BY HER SUBSTITUTED NEXT
FRIEND AND GUARDIAN AD LITEM, DONALD
ARRUDA *v.* RAYMOND M. TANAKA.

No. 4101.

JANUARY 21, 1960.

MARUMOTO, CASSIDY, WIRTZ, LEWIS, JJ., AND CIRCUIT
JUDGE MIZUHA IN PLACE OF TSUKIYAMA, C. J.,
DISQUALIFIED.

*Per Curiam.* This case was previously before this court
on plaintiffs' appeal from a judgment of the circuit court
in favor of defendant. On July 25, 1958, the case was
remanded to the circuit court for further proceedings, to
wit, for consideration and action upon plaintiffs' motion
for new trial in accordance with the opinion of this court
reported in 42 Haw. 630. On July 28, 1958, without any
hearing after remand, the circuit court entered an order
granting plaintiffs' motion for new trial. The case is again
before this court, on defendant's interlocutory appeal, duly
allowed from that order.

Under the mentioned opinion, defendant was entitled
to a hearing in the circuit court after remand, first, on
the question of diligence; second, on the question as to
whether the separation of the jury or the consumption of
liquor by the jurors during deliberation constituted prej-
udice as a matter of law; and, third, on the question as to
whether there was actual prejudice from the separation of
the jury or the consumption of liquor by the jurors during
deliberation, if the law is that actual prejudice from such

conduct of the jurors must be shown. Although we have no doubt that the circuit court acted in good faith in entering its order, the order cannot stand inasmuch as defendant was not accorded a hearing after remand and before its entry.

It is unfortunate that there is a delay in the final disposition of plaintiffs' motion for new trial. It is suggested that, upon the receipt of the mandate on this appeal, the circuit court set this matter for an early hearing. If there should be another appeal from an order of the circuit court on plaintiffs' motion for new trial, this court will advance its hearing of such appeal. The procedure at the hearing to be held in the circuit court, such as whether it shall be completely de novo or whether the evidence taken at the prior hearing may be used, shall be within the discretion of that court.

Reversed.

*Frank D. Padgett* (*Robertson, Castle & Anthony* with him on the briefs) for defendant-appellant.

*Kenneth E. Young* (also on the brief) for plaintiffs-appellees.