BENJAMIN KAAA DAWSON, JR., and WALTER LOUIS JOAO, Petitioners, *v.* THE HONORABLE JOHN C. LANHAM, as JUDGE OF THE FIRST CIRCUIT COURT OF THE STATE OF HAWAII, and CAPTAIN DORR BARRETT, as SUPERINTENDENT OF HALAWA JAIL, Respondents

No. 5191

August 13, 1971

RICHARDSON, C.J., ABE, LEVINSON, KOBAYASHI, JJ., AND CIRCUIT JUDGE LUM IN PLACE OF MARUMOTO, J., ABSENT FROM STATE

OPINION OF THE COURT BY KOBAYASHI, J.

Petitioners filed a petition for writ of habeas corpus. The respondents were ordered to show cause why a writ of habeas corpus should not issue releasing petitioners from incarceration. The following facts are pertinent:

Petitioners were indicted on January 27, 1971, on the charge of murder in the first degree. On March 23, 1971, bail was set by Judge John C. Lanham, judge of the circuit court of the first circuit, at $25,000.00 for each petitioner. Petitioners have been unable to meet bail.

On June 18, 1971, after a hearing in the circuit court, Judge Lanham issued an order quashing the indictment against petitioners and directing that petitioners be released forthwith without prejudice to the State's right to seek reindictment before another and separate grand jury. The indictment was quashed for a statement made to the grand jury by Michael A. Weight, deputy prosecuting attorney, who said: "* * * as Mr. Chung has charged * * * Cole Kekahuna has been in jail for three and one-half months, and as Mr. Chung says, he has decided to make a clean breast."

On June 25, 1971, the State filed notice of appeal from the order quashing the indictment.

On June 29, 1971, a hearing was held before the Honorable John C. Lanham, at which time he rejected petitioners' contentions that they should be released forthwith and their bail exonerated in accordance with the judge's order of June 18, 1971, quashing the indictment against the petitioners. Instead, Judge Lanham issued the following order:

"* * * It is hereby ordered that execution of the Order of this Court dated June 18, 1971, quashing the indictment * * * is hereby stayed pending the disposition of the appeal on said order.

"It is hereby further ordered that bail * * * be continued in the amount of $25,000.00 for each defendant, pending the disposition of the said appeal; and it is further hereby ordered that the State shall expedite said appeal without undue delay * * *."

On July 7, 1971, the duplicate notice of appeal was forwarded by the clerk of the circuit court to the clerk of the supreme court.

The record fails to show any notification of the filing of the notice of appeal by the State to the adverse parties.

The question before the court is whether the order issued by Judge Lanham which purported to stay the execution of the quashing of the indictment and to continue the requirement of bail of the petitioners is a valid one. The answer depends on whether the trial court retained jurisdiction to amend its initial order quashing the indictment notwithstanding the filing of the notice of appeal by the State. There is a further question relating to the discharge of petitioners if the amended order is invalid.

### I. STATUTORY PROVISIONS AND HAWAII RULES OF CRIMINAL PROCEDURE

In regard to appeal in criminal cases H.R.Cr.P. Rule 37 provides as follows:

"(a) *Bills of Exceptions and Writs of Error Abolished.* Bills of exceptions and writs of error, as they have heretofore existed in cases now governed by these rules, are abolished and wherever by law the judgment, sentence or other order of a circuit court may be reviewed by the supreme court on appeal, bills of exceptions or writs of error, the sole method of review shall be pursuant to an appeal perfected in the manner provided by this rule.

"(b) *Notice of Appeal.* An appeal permitted by law from the circuit court to the supreme court is taken by filing with the clerk of the circuit court a notice of appeal in duplicate. The notice of appeal shall set forth the title of the case, the party or parties taking the appeal and shall designate the judgment, order, or part thereof, appealed from. The notice shall be signed by appellant or appellant's attorney or by the clerk if the notice is prepared by the clerk, as provided in subdivision (d) of

this rule. The notice of appeal shall be liberally construed in favor of sufficiency. The duplicate notice of appeal shall be forwarded immediately by the clerk of the circuit court to the clerk of the supreme court. Notification of the filing of the notice of appeal shall be given by appellant by serving the same on adverse parties in the manner provided for the service of papers under these rules, but appellant's failure so to do does not affect the validity of the appeal.

"(c) * * *

"(d) * * *

"(e) *Appeal by Government.* An appeal by the government when authorized by statute may be taken within 10 days after entry of the judgment or order appealed from."

To resolve the question of the right of the State to appeal in criminal cases, we rely on HRS § 641-12 which provides the following:

"§ 641-12. *By State in criminal cases.* A writ of error[1] may be taken by and in behalf of the state from the district or circuit courts direct to the supreme court in all criminal cases, in the following instances:

"(1) From an order or judgment quashing * * * any indictment or information or any count thereof; * * * "

## II. ARGUMENT OF THE STATE

The State contends that H.R.Cr.P. Rule 38(a)(2) is applicable. The rule provides:

"(a) *Stay of Execution.*

"(1) RESERVED.

---

[1]By application of H.R.Cr.P. Rule 37(a) the words "a writ of error" should read "an appeal";

Art. V, § 6, of the State Constitution provides:

"The supreme court shall have power to promulgate rules and regulations in all civil and criminal cases for all courts relating to process, practice, procedure and appeals, which shall have the force and effect of law."

"(2) *By Appeal.* The filing of a notice of appeal shall operate as a stay of execution, and shall suspend the operation of any sentence or order of probation; if, however, the defendant is not admitted to bail, he may elect to commence service of sentence as provided by law. The giving of oral notice in open court at the time of sentence by the defendant or his counsel of intention to take an appeal shall likewise operate as a stay of execution of any sentence or order of probation, but such stay shall not be operative beyond the time within which an appeal may be taken."

We are of the opinion that the above rule has a limited application to suspend the operation of any imposition of criminal sentence or order of probation upon appeal taken by defendants in criminal cases. The history of the rule shows reliance on § 212-6, R.L.H. 1955, which is now HRS § 641-16.[2]

### III. ARGUMENT OF THE PETITIONERS

The substance of petitioners' argument is that the trial court lost jurisdiction over the matter when the notice of appeal was filed and that it had no power to amend the order quashing the indictment and discharging the petitioners.

### IV. CONCLUSION

It is well established in this jurisdiction that generally, when a case in a civil proceeding is appealed to the supreme court, the circuit court loses jurisdiction except as to issuance of certain orders in aid of, and that do not interfere with, the jurisdiction of the supreme court. *Kealoha v. Tanaka*, 42 Haw. 630 at 635 (1958); explained *Kealoha v.*

---

[2] "[HRS] § 641-16. *Stay in criminal cases.* The giving of written notice or oral notice in open court by the defendant or his counsel within ten days after judgment of intention to sue out a writ of error shall operate as a stay of execution, and shall suspend the operation of sentence in all criminal cases; provided, that such stay shall not be operative for more than thirty days or such additional time as the court for good cause shall allow, unless within such time or such extension of time the writ of error is issued."

*Tanaka,* 44 Haw. 57, 351 P.2d 1096 (1960); *Tropic Builders, Ltd. v. Naval Ammunition Depot,* 48 Haw. 306 at 327, 402 P.2d 440 at 452 (1965). We think that the same rule of law should apply to appeals in criminal cases.

In the instant case under H.R.Cr.P. Rule 37 the key and necessary jurisdictional action by the State was to file the notice of appeal which the State did in timely fashion. The filing of duplicate notice with the clerk of the supreme court and the giving of notice of appeal to the petitioners have no relevancy in retaining for the trial court its jurisdiction of the case. Thus, we are of the opinion that the trial court had no jurisdiction and thus no power to effectuate its amended order.

We are now faced with the trial court's original order quashing the indictment and discharging the petitioners subject to appeal by the State. We are faced with the additional question of whether petitioners must be discharged because the indictment is quashed. If petitioners are discharged the right of the State to appeal to test the validity of the quashed indictment is meaningless and the appellate court would be faced with only a "naked question of law". Courts of other jurisdictions differ in the course of action to be taken.

In *State v. Hollis,* 273 P.2d 459 (Okla. Crim. 1954), the court at page 463 stated as follows:

"* * * Where the judgment quashing or setting aside the information contains an order discharging the defendant, the appeal from the judgment is upon a question reserved by the state, for the reason that the defendant has been discharged and cannot be compelled to respond to any further orders in the proceeding, when so discharged the case as to him is at an end. The appeal then is on a naked question of law. But if the defendant be not ordered discharged, he must abide the further orders of this court on appeal, as well as any subsequent proceedings in the case in the trial court."

However, in *Anderson v. Callahan,* 119 Wash. 535, 206 P.

13 (1922), the court at page 16 said:

"* * * By reason of our statute allowing an appeal in such a case as this his information has not yet become functus officio. A warrant was issued under it, and the respondent took custody of the prisoner under and by virtue of that sworn charge. He still retains custody of the prisoner under the same authority. The prosecution has not been dismissed * * * "

But in *Anderson, supra*, the trial court had not ordered the release of the prisoner. In reference to the lack of discharge, the supreme court in *Anderson, supra*, at page 16, said:

"* * * In fact, if he had discharged the relator, as the situation was and is, it would have been error. *State v. Bodeckar*, 11 Wash. 417, 39 Pac. 645. In that case we held that, where an information is found insufficient upon demurrer, unless the demurrer is sustained because the information contains matter which is a legal defense to the action, it is error for the court to discharge the defendant from custody. * * *"

In *State v. McCarty*, 243 Ind. 361, 185 N.E.2d 732 (1962), the supreme court of Indiana, in construing a statute which expressly provided that, following the sustaining of a motion to quash, "the defendant shall not be discharged," pending the filing of a new indictment, stated:

"* * * although 'the motion to quash when sustained ends the prosecution under the pending affidavit or indictment,' * * * the sustaining of the motion to quash does not 'wipe out' the original charge. Rather, the statute and the cited case recognize the fact that the original affidavit or indictment, although quashed, continues to have the force and effect necessary to hold the accused by recognizance until such time as a prosecution, * * * may be refiled. * * *" (p. 737)

We are of the opinion that in order to give effect and meaning to the State's right to appeal under HRS § 641-12, the status quo is maintained pending appeal. In other

words, the petitioners are still subject to the original requirements of bail, notwithstanding trial court's order of discharge, and the indictment has not become functus officio. The charges against the petitioners are still valid for the purpose of appeal.

We are of the further opinion that the trial court was in error in discharging the petitioners, for the alleged defect in the indictment was not such as to require a discharge. That is especially so, when the trial judge himself conditioned his quashing order, to-wit: "* * * without prejudice to the State's right to seek reindictment before another and separate grand jury."

Though H.R.Cr.P. Rule 12(b)(5)[3] is not applicable because the trial court did not originally so order before appeal was taken by the State, the trial court should have applied said rule in its initial order of quashing and continued bail of petitioners.

Petition denied.

*David C. Schutter* for petitioner Dawson.

*Hyman M. Greenstein* for petitioner Joao.

*Leland H. Spencer,* Deputy Prosecuting Attorney, for respondent Barrett.

*E. John McConnell, Jr.,* Deputy Attorney General, for respondent Judge Lanham.

---

DISSENTING OPINION OF ABE, J.

The majority of this court holds that after the Circuit Court quashed the indictments, the defendants may continue to be held in jail under the indictments for their failure to make bail. I disagree.

---

[3]H.R.Cr.P. Rule 12(b)(5) provides:

"* * * If the court grants a motion [to dismiss] based on a defect in the institution of the prosecution or in the indictment or information it may also order that the defendant be held in custody or that his bail be continued for a specified time pending the filing of a new indictment or information. Nothing in this rule shall be deemed to affect the provisions of any state statute relating to periods of limitations."

The State did not have the right to appeal an order or judgment quashing an indictment until the enactment of Act 37, SLH 1931, which is now HRS § 641-12.

It is a well-settled rule that the legislature may define and limit the right of appeal because the remedy of appeal is not a common law right and it exists only by authority of statutory or constitutional provisions. *In Re Tax Appeal of Hawaiian Land Co.*, 53 Haw. 45, 487 P.2d 1070 (1971); *Re Sprinkle & Chow Liquor License*, 40 Haw. 485, 491 (1954), *Collection Corp. v. Anami*, 33 Haw. 911, 913 (1936); *Szuchy v. Hillside Coal & Iron Co.*, 150 N.Y. 219, 44 N.E. 974 (1896); *Superior Wheeler Cake Corp. v. Superior Court*, 203 Cal. 384, 264 P. 488 (1928).

The Hawaii Rules of Criminal Procedure, Rule 37, abolished bills of exceptions and writs of error and provided for all appeals to be taken by the filing of notices of appeal. However, I do not believe that a statutory provision which dealt with one form of appeal can be deemed applicable to an appeal taken under the rule which is different from the form of appeal provided by statute.

For example, Part I (§§ 641-1 to 641-5) of Chapter 641, Appeals to Supreme and Circuit Courts, provides for appeals from the district courts to the circuit courts or the supreme court (HRS § 641-1). However, § 641-2 only provides for appeals "from all decisions, judgments, orders, or decrees of circuit judges in chambers, to the supreme court * * *." Then § 641-5 provides that "[a]n appeal duly taken and perfected * * * from a judgment, order, or decree of a circuit judge * * * shall operate as an arrest of judgment and stay of execution * * *." This court, prior to the adoption of Hawaii Rules of Civil Procedure and Hawaii Rules of Criminal Procedure interpreted this provision to be applicable only to appeal taken from a judgment or decree of a circuit court judge sitting in chambers. *Collection Corp. v. Anami, supra.* Now, here, I believe this court also so interprets the provision, and I agree.

Section 641-12 which authorizes the State to take an appeal from an order quashing an indictment is contained in Part II (Writs of Error) of Chapter 641, and it is silent as to the effect of an appeal taken by the State. On the other hand, § 641-16, also a portion of Part II, specifically provides that a notice of appeal given by a defendant in a criminal case "shall operate as a stay of execution, and shall suspend the operation of sentence * * *."

Section 641-33, a portion of Part III (Bills of Exceptions) provides that "[u]pon the allowance of the bill of exceptions * * * the questions arising thereon shall be considered by the supreme court, but judgment may be entered and may be enforced or arrested * * * as provided in Section 641-5 in the case of an appeal * * *."

Thus, the legislature has provided for the staying of execution of a judgment pending an appeal in all cases except when the State takes an appeal in a criminal case. In my opinion the failure of the legislature to so provide is a definite expression of its intention that an appeal taken by the State from an order quashing an indictment will not stay the execution of such an order. This I believe is in accord with our fundamental principle of criminal justice that one is presumed to be innocent until he is proven guilty. Also, I believe that freeing of defendants upon the quashing of indictments pending the determination of the issue on appeal taken by the State would not be as prejudicial or harmful to the State as the retention of defendants in jail for their failure to make bail would be to defendants.

In light of this expressed legislative intent, how can this court justify its holding "that in order to give effect and meaning to the State's right to appeal under HRS § 641-12, the status quo is maintained pending appeal"? Or is this court holding that the intent of the legislature was to stay the execution of an order quashing an indictment when an appeal was taken by the State, but failed to so provide. If that is so, it was the failure of the legislature to enact proper legislation. The statute is crystal clear; there is nothing

to be interpreted and it must be given effect according to its plain and obvious meaning.[1] This court by its holding is definitely usurping the legislative power and is entering into the legislative field.[2]

The Circuit Court entered an order quashing the indictments. Thus, the issue simply stated is: Were the indictments quashed or not? If they were quashed, in my opinion the charges contained therein were voided. Thereafter, defendants were not charged with the commission of any crime or offense. Thus, it would be illogical to hold that defendants continue to be subjected to the charges contained in the quashed indictments and upon their failure to make bail they should be imprisoned.

This court with approval cites and quotes *Anderson v. Callahan*, 119 Wash. 535, 206 P. 13 (1922), which held that though an information was quashed, as the state was authorized to take an appeal and as "[a] warrant was issued under it, and the respondent took custody of the prisoner under and by virtue of that sworn charge. He still retains custody of the prisoner under the same authority" and, therefore, the prisoner should not be discharged on a writ of habeas corpus.

I believe the holding of the Washington court is illogical and irrational and should not be followed by this court. When an information or an indictment is quashed, there is no charge under which a defendant may be held and tried. Thus, how can his imprisonment be justified on a warrant of arrest issued by virtue of and pursuant to the indictment which has been quashed? When the source of authority for the issuance of the warrant has been voided, the warrant itself becomes defective and it cannot become the source of

[1]20th Century Furn. v. Labor Bd., 52 Haw. 577, 580, 482 P.2d 151, 153 (1971); Public Utilities Comm. v. Narimatsu, 41 Haw. 398 (1956); Territory v. Morita, 41 Haw. 1 (1955); Kauai v. McGonagle, 33 Haw. 915 (1936).

[2]Pillsbury v. United Engineering Co., 342 U.S. 197 (1952); Levy v. Kimball, 51 Haw. 540, 546, 465 P.2d 580, 584 (1970); A. C. Chock, Ltd. v. Kaneshiro, 51 Haw. 87, 93, 451 P.2d 809, 813 (1969); Marks v. Waiahole Water Co., 36 Haw. 188 (1942); People v. Olah, 300 N.Y. 96, 89 N.E.2d 329 (1949).

authority to justify the arrest and imprisonment.

This court also cites *State v. McCarty*, 243 Ind. 361, 185 N.E.2d 732, 737 (1962), where the Indiana Supreme Court in construing a statute stated that it "expressly provided that, following the sustaining of a motion to quash, 'the defendant shall not be discharged,' pending the filing of a new indictment * * *."

And that "the sustaining of the motion to quash does not 'wipe out' the original charge. Rather, the statute and the cited case recognize the fact that the original affidavit or indictment, although quashed, continues to have the force and effect necessary to hold the accused * * * until such time as a prosecution * * * may be refiled."

The Indiana statute contained a savings clause but we have no such statute in Hawaii and therefore the case is inapposite.

H.R.Cr.P., Rule 12(b)(5)[3] referred to by this court may be similar to the Indiana statute; however, this court has held that it is not applicable here.[4]

I would grant the petition and thereby release the petitioners.

---

[3]H.R.Cr.P., Rule 12(b)(5) reads:

"(5) *Effect of Determination.* If a motion is determined adversely to the defendant he shall be permitted to plead if he had not previously pleaded. A plea previously entered shall stand. If the court grants a motion based on a defect in the institution of the prosecution or in the indictment or information it may also order that the defendant be held in custody or that his bail be continued for a specified time pending the filing of a new indictment or information. Nothing in this rule shall be deemed to affect the provisions of any state statute relating to periods of limitations."

[4]If the rule were applicable, the question will arise whether the rule affects substantive rights and not procedural matters and therefore not within the rule-making powers of the judiciary. It is to be noted that under Art. V, Sec. 6, Hawaii State Constitution, the Supreme Court has powers "to promulgate rules and regulations in all civil and criminal cases for all courts relating to process, practice, procedure and appeals, which shall have the force and effect of law."